[No. 14863.   Department Two. — August 30, 1892.]

## LAURA JONES, RESPONDENT, v. FRANK DURRER, APPELLANT.

LANDLORD AND TENANT — LETTING LAND UPON SHARES — LEASE — TENANCY OF LAND. — Where the owner of land "lets the same" for a term of years to a tenant, who takes immediate possession of the premises, and who, by the terms of the agreement, is to take care of the same in a good husband-like manner, "for and during the whole of said term," the fact that the letting is for a share of the produce of the land, and the increase of certain animals, etc., conceding that it constitutes a tenancy in common as to the produce of the farm, does not preclude the relationship of landlord and tenant in respect to the land, which exists under the terms of the lease.

Id. — Unlawful Detainer — Breach of Conditions of Lease. — The owner of such land may maintain an action of unlawful detainer for the recovery of the possession of the premises upon breach of the conditions of the lease.

Id. — Waiver of Breach — Acceptance of Rent — Dismissal of Previous Action — Breach of Continuous Covenants. — The fact that former breaches of the conditions of the lease were waived by the acceptance of rent, and that a former action in which a forfeiture of the lease was claimed was dismissed without prejudice upon the receipt of rent due, does not preclude the right of the lessor to maintain an action for subsequent breaches of covenants of the lease, which were continuing in their nature.

Appeal from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial.

*McKune & George,* and *Henry C. Ross, Jr.,* for Appellant.

The agreement set out in the complaint does not create the relation of conventional landlord and tenant. (*Henderson* v. *Allen,* 23 Cal. 521; *Owen* v. *Doty,* 27 Cal. 506; *Steinback* v. *Krone,* 36 Cal. 309; *Pico* v. *Cuyas,* 48 Cal. 639; *Bernal* v. *Hovious,* 17 Cal. 546; 79 Am. Dec. 147; 29 Cal. 168; *Putnam* v. *Wise,* 1 Hill, 235; 37 Am. Dec. 309; *Mavrick* v. *Lewis,* 3 McCord, 211; *Beaumont* v. *Crane,* 14 Mass. 400; *Lewis* v. *Lyman,* 22 Pick. 437; *Dinehart* v. *Wilson,* 15 Barb. 595; *Knox* v. *Marshall,* 19 Cal. 617; *Scott* v. *Ramsey,* 82 Ind. 334; *Hudepohl* v. *L. H. C. M. & W. Co.,* 80 Cal. 553, 558; *Foote* v. *Colvin,* 3 Johns. 221; 3 Am. Dec. 478; *De Mott* v. *Hagerman,* 8 Cow. 220; 18 Am. Dec. 443; *Taylor* v. *Bradley,* 39 N. Y. 129; *Sargent* v. *Courrier,* 66 Ill. 245; *Creel* v. *Kirkham,* 47 Ill. 347; *Adams* v. *McKesson,* 53 Pa. St. 81; 91 Am. Dec. 183.)

*R. T. Devlin,* and *Armstrong & Platnauer,* for Respondent.

The agreement created the relation of landlord and tenant. (*Walls* v. *Preston,* 25 Cal. 59; *Smith* v. *Schultz,* 89 Cal. 526; *Howell* v. *Foster,* 65 Cal. 169; *Charles* v. *Davis,* 59 Cal. 479; *Strain* v. *Gardner,* 61 Wis. 174; Taylor on Landlord and Tenant, sec. 24, and notes; Gear on Land-

lord and Tenant, sec. 42; *Warner* v. *Abby*, 112 Mass. 355; notes to *Putnam* v. *Wise*, 37 Am. Dec. 318, 319; *Cornell* v. *Dean*, 105 Mass. 435; *Chicago and West Mich. R. R. Co.* v. *Linard*, 94 Ind. 319; 48 Am. Rep. 155–161; *New Jersey R. R. Co.* v. *Van Syckle*, 37 N. J. L. 496.) The violated covenants were continuing covenants, and the acceptance of rent was not a waiver of their future breach. (*McGlynn* v. *Moore*, 25 Cal. 384; *Bleecker* v. *Smith*, 13 Wend. 531; Taylor on Landlord and Tenant, sec. 500; Wood on Landlord and Tenant, sec. 518.)

FOOTE, C. — This action of unlawful detainer was brought to recover possession of a tract of land alleged to have been leased by the respondent and plaintiff to the defendant, for damages for its detention, and that an alleged lease be declared forfeited. The grounds claimed in favor of the plaintiff's recovery are, that the defendant had forfeited his right to possession by virtue of certain conditions contained in the lease, and that plaintiff's right of recovery was complete. The main ground upon which the defendant resists plaintiff's claim seems to be that he insists that the agreement set out in the complaint is not such as creates the relation of conventional landlord and tenant. The instrument in question is lengthy, so much so as to preclude its insertion here, but we have given it very thorough examination, and are satisfied that it comes strictly within the rule laid down in *Walls* v. *Preston*, 25 Cal. 59, and in *Smith* v. *Schultz*, 89 Cal. 526. It is a letting for a share of the produce of the land, and the increase of certain hogs, cattle, fowls, etc. It provides certain conditions as to the cultivation of certain lands in corn, for the grubbing of other lands and putting it in alfalfa for the year 1891, for the making of butter and cheese, etc., "the party of the first part to own one half of all such produce, and one half of all the increase of said stock"; how, when the butter made is fit for market, the party of the first part " shall in his discretion be entitled to one half, to be delivered to her, or the parties may sell together and divide the proceeds";

how, as to the increase of cattle kept on the ranch, "there shall annually be a count taken thereof, and the same shall be branded in the private brand of each or any common brand, at the option of the party of the first part"; that the taxes on the "common property shall be paid by both."

The owner of the land, the party of the first part, "lets the same," with certain exceptions, to the party of the second part, the defendant here, for a period commencing in March, 1890, and ending on the first of October, 1894. The party of the second part is to take possession of the premises, which he did immediately, and is to take care of the same in a good husband-like manner, "for and during the whole of said term," and at the end of the term return them to the party of the first part in as good condition as he "now receives them, reasonable wear and tear and damages by the elements excepted"; also certain conditions as to the sale from the farm of certain steers.

Admitting the contention of the appellant that there is constituted under this agreement a tenancy in common of the parties as to the produce of the farm or the greatest part thereof, yet, under the views expressed in *Walls* v. *Preston,* 25 Cal. 59, and affirmed in *Smith* v. *Schultz,* 89 Cal. 526, there is no necessary inconsistency between that relation as to the crops, and that of a tenancy of the land by the appellant. It was said in the case first mentioned, at page 66: "There is certainly no rule of law so absolute in its nature as to prevent the occupant of land, under a contract which constitutes him a tenant in common with the owner in the crops, from having as entire a control over the premises during the term, if the party so agree, as a tenant covenanting to pay a money rent would have. In other words, from being a tenant of the land under a lease, and at the same time a tenant in common of the crop, or of some part of it."

It being established that as to the land the agreement in question was a lease to continue for a term of several years unless forfeited by condition broken, it becomes

necessary to determine if the evidence sustains the findings that any of such conditions were broken. Of this we entertain no doubt. But the appellant insists that there was a waiver of the right to insist upon the breach of conditions, and to re-enter by the landlord, because of the reception of rent after the covenants were violated and known to be violated by the lessor. It may be conceded, without deciding, that the evidence does show that produce and increase of turkeys, and a share of the butter and some money, paid upon what account not appearing, were received by the respondent as claimed. It may be further conceded that under some circumstances such reception would be conclusive that the lessor had elected to waive the right to re-enter under the forfeiture clause of the lease. It may be also conceded that notwithstanding these receptions of rent were during the time from the 15th of October, 1890, until the 20th of January, 1891, when the plaintiff had instituted an action claiming a forfeiture of the lease, which was dismissed without prejudice on the 20th of January, 1891, and the present action instituted, nevertheless such action brought would not have the effect of a non-waiver of the right to insist on the forfeiture of the lease, and to re-enter under the rule announced in 2 Taylor on Landlord and Tenant, sec. 497. And it may be admitted there is no difference in principle in receiving a nominal sum from the tenant and receiving produce from the farm and increase from the fowls, when the title is vested in the landlord as tenant in common; and yet, from the fact that certain of the covenants broken by the tenant were continuing in their nature, and violations of the same have taken place since the reception of rent by the plaintiff, it must be held here that there was no waiver of the breaches thereof, and of the right to re-enter and maintain the present action. (Taylor on Landlord and Tenant, sec. 500; *McGlynn* v. *Moore*, 25 Cal. 384.)

It appearing, among other things, from the third finding, that at the date of the bringing of the action, and

continuously afterwards, defendant refused and still re-
fuses to sell the butter and cheese produced on the farm
together, and divide the proceeds thereof as he cove-
nanted that he would do, and that certain steers which
defendant covenanted to sell and remove from the farm
during the current year of 1890 had not been sold, but
still remain on the farm, these renewed breaches since
the reception of rent are sufficient, without mentioning
others which perhaps exist of the same nature, to re-
move from the case any question of waiver so as to defeat
the plaintiff's right to maintain the action.   These seem
to be the principal points made for the reversal of the
judgment and order denying a new trial, and we do not
perceive that with reference to them, and others made
and not necessary to be determined, any prejudicial
error has been committed.   We therefore advise that
the judgment and order be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the
judgment and order are affirmed.

McFARLAND, J., DE HAVEN, J., SHARPSTEIN, J.

Hearing in Bank denied.