[L. A. No. 2269.   Department One.—June 18, 1909.]

GERMAN-AMERICAN SAVINGS BANK (a Corporation), Respondent, v. CATHERINE GOLLMER et al., Appellants.

Quieting Title to Leasehold—Action Against Lessor.—The owner of a leasehold interest in real property may maintain an action, under section 738 of the Code of Civil Procedure, against the person owning the fee in the demised premises, to quiet his title under the lease against any adverse claim asserted thereto by the owner in fee. The denial by the owner in fee of the existence of the leasehold interest is the assertion of such an adverse claim.

Id.—Chattel Real—Interest in Land.—While an estate for years is only a chattel real, and governed generally by the rules applicable to personal property, still it is expressly declared to be an interest or estate in real property by section 761 of the Civil Code, and under section 738 of the Code of Civil Procedure, the owner of any estate or interest in land of which the law takes cognizance, is entitled to have any claim adverse to his interest determined.

Lease—Condition Against Assignment—Consent and Waiver.—The consent to or waiver by the lessor of a condition in the lease against assignment does not have the effect to free the leasehold estate from other conditions in the lease, such as those relating to the carrying on of other classes of business and subletting for such other classes of business.

Id.—Assignee Takes Subject to Other Conditions and Covenants.— The assignee of a leasehold estate takes it subject to all the obligations imposed by the lease, except that where there is a condition against assignment without consent, which is necessarily single in its nature, such condition is wholly discharged by the consent or waiver. Where the conditions are continuing in their nature, such as covenants for the payment of rent at stated intervals, or for the carrying on of only certain kinds of business in the demised premises, or against subletting without written consent, the consent or waiver of a breach does not preclude the right of the lessor to proceed against the lessee for subsequent breaches.

ID.—WAIVER OF INDEPENDENT STIPULATIONS.—The consent to or waiver of the breach of some particular condition or covenant in a lease is not a consent to or waiver of other independent stipulations.

ID.—JUDGMENT QUIETING TITLE OF LESSEE'S ASSIGNEE.—In an action by an assignee of a lease which contained a condition against assignment, to quiet his title against the lessor, in which the court finds that the assignment was consented to by the lessor, a judgment in favor of the assignee should not be broader than to decree him to be the owner of the leasehold interest, subject to all the conditions, covenants, obligations, and stipulations contained in the lease, except the single condition against assignment.

ID.—RENEWAL OF LEASE—PROVISION AFFECTING ASSIGNEES.—A covenant in a lease against assignment without the consent of the lessor, with a provision for re-entry in the event of a breach thereof, is not affected by a provision in a subsequent agreement for the renewal of the lease, that such "agreement shall inure to and . . . bind the heirs, executors, administrators, successors and assigns of the several parties." Notwithstanding such provision, the consent of the lessor would be essential to any assignment which would be binding upon him, and there could not be any "assign" of the lessee in whose favor the provision would operate, except one who had become such by consent of or waiver of the lessor.

ID.—ACCEPTANCE OF RENT AFTER ASSIGNMENT WHEN A WAIVER—KNOWLEDGE OF ASSIGNMENT.—A lessor cannot be deemed to have consented to an assignment of the lease, or waived a breach of the condition against assignment, from the mere fact that he has accepted rents accruing since the assignment. To have that effect, the acceptance of the rent must have been with actual knowledge of the assignment. It is not sufficient that the lessor might upon inquiry have discovered the fact.

ID.—EVIDENCE OF KNOWLEDGE OF ASSIGNMENT.—Upon the facts in this case, it is held that the evidence was insufficient to show that the defendants had any knowledge of any assignment of the lease in question at the time of the acceptance of rents, and therefore that there was no consent to or waiver of the condition against assignment by reason of such acceptance.

APPEAL from a judgment of the Superior Court of Los Angeles County.    Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Sharp & Rech, for Appellants.

Haas, Garrett & Dunnigan, for Respondent.

ANGELLOTTI, J.—This is an appeal by defendants from a judgment for plaintiff in an action commenced September

7, 1907, by the alleged owner of a leasehold interest in the
first or ground floor of a certain building in the city of Los
Angeles, against the successors in interest in the demised
premises of the lessor, one John Gollmer, to obtain a decree
quieting alleged claims of defendants adverse to plaintiff's
estate for years.

Plaintiff alleged in its complaint that it is "the successor in
interest of the Union Bank of Savings," a corporation, as to
said leasehold interest, but did not allege how it succeeded to
said interest. The leasehold interest was described as one com-
mencing on May 15, 1898, and ending May 15, 1918, subject
only to the payment of a monthly rental of two hundred and
fifty dollars, and a covenant for the payment of certain taxes.

Defendants by their answer denied these allegations. They
further alleged the facts as to the creation of the leasehold
interest, and the modification of the original lease by supple-
mental agreements, as the same were subsequently found by
the trial court. It appears from these allegations and findings
that by an indenture of lease dated September 24, 1897, John
Gollmer, defendants' predecessor in title, demised and let the
premises to the Union Bank of Savings, a corporation, for a
term commencing May 15, 1898, and ending May 15, 1908, for
two hundred and fifty dollars per month, covenanted to be
paid by the lessee. It was stipulated therein that the premises
were let for banking business purposes, and that no other busi-
ness was to be conducted therein without the lessor's consent in
writing, but that the lessee might sublet portions of the prem-
ises, provided that if any sub-lease be made for any class of
business different from that for which sub-leases had thereto-
fore been made, the consent in writing of the lessor must first be
obtained. The lessee covenanted that it would pay the rent as
agreed, "and not to assign this lease without the written con-
sent of the said party of the first part," and at the expiration
of the term to surrender the premises in as good state and
condition as when received, reasonable use and wear thereof
excepted. There was also a covenant for the payment of in-
creased taxes. The other stipulations are immaterial here.
On December 16, 1898, a supplemental agreement was made
relative to certain improvements to be made by the lessee at
its option. This, also, is immaterial. On April 30, 1901, a
supplemental agreement was executed by the same parties

whereby the lessee was given an option for the renewal of the lease on the same terms for five years from May 15, 1908, it being provided therein that such option must be exercised by notice in writing on or before May 15, 1907. On December 24, 1901, an option was given by said lessor to said lessee for a further period of five years from May 15, 1913, with the same proviso as to the time and manner in which the same must be exercised. Each of these optional agreements contained this provision: "This agreement shall inure to and as well bind the heirs, executors, administrators, successors and assigns of the several parties hereto." It was further alleged in the answer and was found by the trial court that the lessee exercised its option right to renew said lease in manner and form as provided. It was also alleged that neither the lessor nor his successors ever consented to any assignment of the lease, but that said lessee had, nevertheless, between January 1, 1906, and November 13, 1907, assigned said lease to plaintiff, and that neither of the defendants ever obtained any notice or knowledge of the assignment until about November 13, 1907, whereupon they notified the lessee that they declared said lease forfeited by reason of said assignment and demanded that possession of the demised premises be delivered to them. The court found that such assignment had been made on January 10, 1906, but that defendants had then and have ever since consented to the same, and had waived the breach of the condition against assignment. It further found that defendants had notice of such assignment prior to February 1, 1906, and had up to November 1, 1907, received the stipulated rent from the assignee. By its decree, the trial court adjudged that plaintiff was the owner of the leasehold interest described in the complaint, subject only to the payment of said rent and the covenant for the payment of increased taxes, and that such estate for years so owned by it was not subject to any condition, covenant, agreement or obligation.

1. It is claimed that an action of this character on the part of the owner of a leasehold interest against the person owning the fee in the demised premises will not lie, and that the demurrer to the complaint should be sustained. The action is somewhat novel, but we see no good reason why it cannot be maintained under our statute. It is said that, in view of *Jeffers* v. *Easton, Eldridge & Co.,* 113 Cal. 345, [45 Pac. 680],

and subsequent cases, an estate for years is personal property, and therefore that an action to quiet title will not lie because it has been said by this court that "no action will lie in this state merely to quiet the title to personal property." (*Fudickar* v. *East Riverside etc. Co.,* 109 Cal. 29, 38, [41 Pac. 1024, 1026].) It is true that an estate for years is only a chattel real (Civ. Code, sec. 765), and governed generally by the rules applicable to personal property (*Jeffers* v. *Easton, Eldridge & Co.,* 113 Cal. 352, [45 Pac. 680]). But it is an interest or estate in real property, and is so expressly declared in section 761 of the Civil Code. "An action may be brought by any person against another who claims an estate or interest in real property, adverse to him, for the purpose of determining such adverse claim." (Code Civ. Proc., sec. 738.) It is settled by the decisions that the owner of any estate or interest in land of which the law takes cognizance, is entitled under this statute to have any claim adverse to his interest, such as it is, determined. (*Pierce* v. *Felter,* 53 Cal. 18; *Stoddard* v. *Burge,* 53 Cal. 394, 399; *Pennie* v. *Hildreth,* 81 Cal. 127, 130, [22 Pac. 398]; *Stephenson* v. *Deuel,* 125 Cal. 663; *McKinnie* v. *Shaffer,* 74 Cal. 614, 616, [16 Pac. 509].) In the case last cited the court said: "Whatever interest the plaintiff has may be quieted. If a title in fee such interest may be quieted; if a less interest, the less interest may be likewise quieted." Nothing said in *Fudickar* v. *East Riverside etc. Co.,* 109 Cal. 29, 39, can be taken as repudiating this well-settled doctrine. In *Pierce* v. *Felter,* 53 Cal. 18, the right of the owner of a leasehold interest to maintain such an action against parties who claimed some interest in the land, which claim was adverse to his rights as owner of the leasehold, was affirmed. There is no distinction material to the question we are discussing between such an action and the one before us. The defendants here claim to be the owners of the property free of any estate for years in plaintiff, and this claim is certainly adverse to plaintiff's alleged interest in the property. We are further of the opinion that the allegations as to hostile claims by defendants are sufficient as against demurrer. There was no error in overruling the demurrer.

2. Assuming for the moment that all the findings of fact made by the trial court are sufficiently sustained by the evidence, the judgment was nevertheless too broad in its terms

and is not entirely supported by the findings. As we have seen, it is decreed therein that plaintiff is the owner of the leasehold interest described, subject only to the payment of the stipulated rent and the covenant for increased taxes, and free from all other conditions, covenants, agreements, and obligations imposed by the instruments constituting the lease. There were obligations imposed on the lessee by these instruments in addition to the obligation not to assign and those specified in the judgment, such as the provision that no business other than the banking business or some class of business for the carrying on of which a sub-lease had already been made, should be conducted on the demised premises without the consent in writing of the lessor. The only supposable theory upon which a judgment freeing the lessee from this and other obligations imposed by the lease could rest is the one suggested by plaintiff, viz., that the consent to or waiver by the lessor of the condition against assignment, not only dispensed with and put an end to that condition forever, leaving the assignee free to again assign without consent (Taylor on Landlord and Tenant, sec. 501; *Chapman* v. *Emeric,* 5 Cal. 49, [63 Am. Dec. 80] ; *Randal* v. *Tatum,* 98 Cal. 390, [33 Pac. 433] ; *Murray* v. *Harway,* 56 N. Y. 337, 343), but that it also freed the estate from such other covenants, and especially from those relating to the carrying on of other classes of business and subletting for such other classes of business. This theory cannot be sustained. The case cited by plaintiff to the effect that the covenant against subletting does not attach to the assignee of the lessee (*Dougherty* v. *Mathews,* 35 Mo. 520, [88 Am. Dec. 186] does not support its contention, but is simply to the effect that the condition against *assignment* is not effectual against one to whom the lease has been assigned with the lessor's consent. The assignee of a leasehold estate takes it subject to all the obligations imposed by the lease, except that where there is a condition against assignment without consent (which is necessarily single in its nature), such condition is wholly discharged by the consent or waiver. Where the conditions are continuing in their nature, such as covenants for the payment of rent at stated intervals or for the carrying on of only certain kinds of business in the demised premises, or against subletting without written consent, the consent to or waiver of a breach does not preclude the

right of the lessor to proceed against the lessee for subsequent breaches. (*Jones* v. *Durrer,* 96 Cal. 95, [30 Pac. 1027]; *Seaver* v. *Colburn,* 10 Cush. 324; Taylor on Landlord and Tenant, sec. 501.) No good reason can be assigned for a rule that the consent to or waiver of the breach of some particular condition or covenant in a lease is a consent to or waiver of other independent stipulations, and we find no such rule anywhere declared. It follows that, assuming the findings to be sustained by the evidence, the judgment should have gone no further than to decree the plaintiff to be the owner of the leasehold interest, subject to all the conditions, covenants, obligations, and stipulations contained in the lease, save and except the single condition against assignment. We have said this much as to the form of judgment only for the guidance of the parties in further proceedings in the case, as the judgment must be reversed for another reason.

3. As we have seen, the lease contained a covenant against .assignment without the consent of the lessor, with a provision for re-entry in the event of a breach thereof. These provisions were in no way rescinded or affected by the provisions of the supplemental agreements. The provision in the latter agreements that "this agreement shall inure to and . . . bind the heirs, executors, administrators, successors and assigns of the several parties" were not effectual to make any change in this regard. Consent of the lessor was still essential to any assignment which would be binding upon the lessor, and there could not be any "assign" of the lessee in whose favor the provision would operate, except one who had become such by consent of or waiver of the lessor. Assuming that there was an assignment of the lease by the Union Bank of Savings to plaintiff, as was alleged in the answer and found by the court, we are satisfied that the findings to the effect that such assignment was with the consent of the defendants, and also the findings to the effect that said defendants had notice of such assignment and by their conduct waived all right to object thereto, are without sufficient support in the evidence.

The evidence is practically without conflict as to all material facts. On or about January 10, 1906, the Union Bank of Savings and plaintiff merged and consolidated their interests, since which time the business of both corporations has been conducted as one institution under the name of plaintiff and

in the demised premises. The directors of the Union Bank of Savings were included in the enlarged list of directors of plaintiff, and Mr. Bartlett, the president of the Union Bank of Savings, has at all times since the consolidation been the president of plaintiff corporation. A general assignment of all the property of the Union Bank of Savings was given to plaintiff, which assignment was never recorded, and as to which no notice appears to have been given to anybody. No specific assignment of the lease was ever executed. The Union Bank of Savings apparently still maintains its corporate organization, and also maintains its office in the demised premises. No consent that the lease should be assigned was ever given or requested. No notice that there had been any assignment of the lease was ever given to either of the defendants by either the Union Bank of Savings or by plaintiff. To the contrary both these corporations appear to have studiously endeavored to conceal the fact, if there was one. The written notice of the exercise of option given on April 20, 1907, over one year after the change, was primarily given by the Union Bank of Savings, as lessee, by its president and secretary, and was joined in by plaintiff, with the statement that it so joined because "said lessee and the German-American Savings Bank, a California corporation, did, on or about the 10th day of January, 1906, merge and consolidate their interests, since which time the business of both said corporations has been and now is being conducted as one institution, under the name of the German-American Savings Bank, and, for the purposes of so conducting the said business, is now and has been since the date of said consolidation occupying the premises described in said lease." There was no intimation of an assignment of the lease in this notice, or of the succession by plaintiff to any rights therein. Even in its complaint in this action filed September 7, 1907, plaintiff carefully refrained from specifically alleging any assignment, alleging simply that it "is the successor in interest of the Union Savings Bank." The notices to the public were all simply to the effect that there had been a consolidation, and that the business thereafter would be conducted under the name of plaintiff. There might be a consolidation of the banking business of these two corporations and occupancy of the demised premises by plaintiff without any assignment of the lease. Under the terms of the

lease, the Union Bank of Savings had the right, without any consent of the lessor, to permit the occupancy of the demised premises for banking purposes by plaintiff. Everything that was shown to have come to the knowledge of defendants was entirely consistent with the theory that the occupancy of the demised premises by plaintiff was an occupancy under a mere license or sub-lease, and not under an assignment, and there is in the evidence no basis for any inference that either of the defendants had knowledge that there had been an *assignment of the lease*. The fact that from July 1, 1906, the monthly receipts for rent, at the request of some one in the office of the two corporations, were made in the name of the plaintiff, shows no such knowledge. This indicated to defendants no more than some arrangement between the corporations under which the plaintiff was to pay the rent, and was not notice of an assignment of the lease. Nor was the mere claim of this plaintiff asserted in its complaint in this action filed September 7, 1907, that it "is the successor in interest of the Union Bank of Savings" notice of the fact of any assignment.

The only ground urged for a conclusion that defendants have consented to an assignment of the lease, or waived a breach of the condition against assignment, is the fact that they have accepted rents accruing since the assignment. It is admitted that to have this effect, the acceptance of the rent must have been with knowledge of the *assignment*. It is not enough that a party might upon inquiry have discovered the fact. There must be actual knowledge of the fact. And unless the evidence is sufficient to warrant the inference that there was such knowledge, there is no consent or waiver. As was said in *Murray* v. *Heinze*, 17 Mont. 353, [42 Pac. 1057, 43 Pac. 714], a waiver is the relinquishment of a *known* right. The rule that such knowledge is essential to make the acceptance of rent a waiver is elementary, and has been applied by this court. (See Taylor on Landlord and Tenant, sec. 497; Jones on Landlord and Tenant, sec. 497; Wood's Landlord and Tenant, sec. 320; *Silva* v. *Campbell*, 84 Cal. 420, [24 Pac. 316]; *McGlynn* v. *Moore*, 25 Cal. 384.) As there is nothing to show that either of the defendants had any knowledge of any assignment of the lease at the time of the acceptance of rents, there could be no consent or waiver by reason of such acceptance.

We do not desire to be understood as intimating any opinion on the question whether the evidence is such as to compel the conclusion that there has been any assignment of the lease under the condition against assignment contained therein. For all the purposes of this appeal, we have assumed, as we are compelled to do in view of the unassailed finding of the court to that effect based upon an allegation of appellants' answer, that there was such an assignment.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank and filed the following opinion on July 17, 1909 :—

BEATTY, C. J.—I dissent from the order denying a rehearing. There was in my opinion abundant evidence to sustain the findings that the defendants consented to the assignment of the lease, not in express terms, but by a course of conduct which warrants the inference of consent.