EAST SIOUX FALLS QUARRY COMPANY, Respondent, v. WISCONSIN GRANITE COMPANY, Appellant.

(164 N. W. 77.)

(File No. 4145.   Opinion filed August 30, 1917.   Rehearing denied November 2, 1917.)

1. **Landlord and Tenant—Quarry Lease, Breach of Covenants, Damages—Acceptance of Future Rents, Estoppel to Claim Damages, by—Rule.**

   In a suit for damages for breach of covenants under a lease of stone quarries, held, that acceptance of rent in full by lessee "without protest or remonstrance," does not estop lessor from claiming damages for breach of covenants thereunder; although acceptance of rent after covenants broken may estop landlord from claiming forfeiture of lease or reclaiming possession; such latter rule however having no application here.

2. **Mines and Minerals—Evidence—Quarry Lease-hold—Covenants to Remove Refuse—Evidence of Refuse Present When Lease Made, Defense of, Competency.**

   Where, in a suit by lessor for damages for breach of cove-

nant under a quarry lease, containing a covenant requiring lessee to remove all refuse, etc., from the leased mines, the evidence showed that lessee examined and knew conditions, concerning the presence of refuse, existing at the quarries when the lease was made, an offer by lessee of evidence to show that an equal quantity of similar refuse to that complained of, was in the quarry when the lease was made and was removed by lessee, was properly rejected.

3. Same—Quarry Lease, Removal of Refuse—Covenants, to Remove Refuse, to Yield Premises in Good Condition, Construed.

A covenant in a lease of quarries stipulated that lessee should remove all refuse, another covenant stipulating that it should yield up premises in as good condition as when entered upon. Held, that the two covenants must be construed as imposing distinct obligations, and the covenant relating to general condition of plant as a whole did not release lessee from performance of its specific covenant to remove the accumulating refuse.

4. Same—Quarry Lease, Covenant to Yield in Good Condition, Inevitable Accident Excepted—Broken Crusher, Whether "Inevitable Accident?"

Injury to the shell of a rock crusher, resulting from usual and ordinary use thereof by lessee, was not an "accident," inevitable or otherwise, within the meaning of a covenant, which would relieve lessee of quarry from liability for damages under a covenant to yield up premises in as good condition as when same was entered upon, loss by inevitable accident, etc., excepted.

5. Same Quarry Lease—Covenant to Yield in Good Condition— Broken Crusher, Whether Resulting from "Ordinary Wear"— Question for Jury.

Whether under a lease of quarries containing a covenant to yield up quarry in good condition, etc., "ordinary wear" excepted, the breaking of the shell of a crusher, for which plaintiff lessor claimed damages, resulted from usual and ordinary use thereof, and so was excepted under the covenant, was a question for the jury.

6. Same—Covenant in Quarry Lease, Covenant to Return in Good Condition—Damages, Depreciation—Misuse, Wear and Tear, Liability Under Covenants.

Where lessee of quarries covenanted to yield premises in good condition as when received, natural wear and tear excepted, held, in a suit by lessor for damages under covenants of the lease, that the trial court properly instructed that if the property was in worse condition, from misuse or inattention, than when received, such depreciation would fall upon lessee, while if caused by natural wear and tear, i. e., ordinary

use in a skillful manner of such property in the business of
the company, lessee would not be liable for such loss or de-
preciation.

7. **Evidence—Quarry Lease—Attached Schedule of Condition of
Machinery, Etc.—Parol Evidence as to Condition, Admis-
sibility.**

Where a quarry lease contained a provision that a schedule
should be attached thereto and made part thereof, on which
should be noted the then condition of buildings, machinery,
etc., included in the lease, trial court properly excluded parol
evidence as to the condition of the property when lease was
made.

8. **Appeals—Error—Finding on Conflicting Evidence, Conclusive-
ness of.**

Where there was considerable conflict in the evidence, the
finding of the jury upon the merits involved is conclusive upon
appeal, where there is ample evidence to sustain the verdict.

Whiting, J., not sitting.

Appeal from Circuit Court, Minnehaha County.  Hon. JOSEPH
W. JONES, Judge.

Action by the East Sioux Falls Quarry Company, against the
Wisconsin Granite Company, a corporation, for damages for
breach of covenants in a lease.  From a judgment for plaintiff,
and from an order denying a new trial, defendant appeals.  Af-
firmed.

*Parliman & Parliman,* for Appellant.

*Boyce, Warren & Fairbank,* for Respondent.

(1) To point one of the opinion, Appellant cited:  Secur v.
Sturgis, 16 N. Y. 548; Whitaker v. Hawley, 1 Pac. 508; Katz v.
Bedford, 1 L. R. A. 826; 6 R. C. L. Sec. 245.

(6) To point six of the opinion, Appellant cited:  24 Cyc.
934.

Respondent cited:  Jones on Landlord and Tenant, Secs. 391
to 400; Sturgis v. Knapp, 31 Vt. 1; Scott v. Haverstraw Clay &
Brick Co., 135 N. Y. 141.

SMTH, J.  Action by lessor for damages for breach of cov-
enants in lease of three stone quarries and equipment, operated
together as a single plant, at East Sioux Falls.  The items were
for damages to the tram track, to a cable, to sheaves, to a hand
crab, for cost of removing refuse matter from one of the quarries
known as Ragged Top Quarry, and from another known as West
Quarry, and for damages to a No. 5 Austin crusher.  The only

provisions or covenants in the lease material upon this appeal are the following:  The lessee covenants and agrees:

"(1)  To cart all dirt accumulating from stripping and operating to a point designated by said first party and not nearer to the face of the quarries than ten rods.

"(2)  To remove all refuse, broken stones, riprap, chimneys, etc., as such accumulates to a point designated by first party and to deposit the same where such will not interfere with the future operation of the quarries," and "at the expiration of the time in this lease mentioned it will yield up the said demised premises to the said party of the first part, in as good condition as when the same was entered upon by the party of the second part, loss by fire or inevitable accident and ordinary wear excepted."

The lease was for five years, terminating March 1, 1915. The lessee continued to operate the plant until about November 1, 1914, when it was closed, rent having been paid in full to the termination of the lease.

Appellant's first contention is that payment of rent in full by lessee and acceptance thereof by the lessor "without protest or remonstrance," estops the lessor from claiming damages for breach of covenants in the lease.

Appellant cites Secor v. Sturgis, 16 N. Y. 548; Whitaker v. Hawley, 30 Kan. 317, 1 Pac. 508; Katz v. Bedford, 77 Cal. 319, 19 Pac. 523, 1 L. R. A. 826; Jones v. Durrer, 96 Cal. 95, 30 Pac. 1027.  None of these cases are in point:

[1]  Appellant's proposition is entirely novel in the law of estoppel.  The acceptance of rent after covenants broken may estop the landlord from claiming a forfeiture of the lease or reclaiming possession, but that rule has no application here.

[2]  It is undisputed that appellant left in two of the quarries quantities of dirt from stripping, and refuse, broken stone, riprap, etc., which accumulated from its own operation of the quarries, and did not remove the same to some place which would not interfere with the future operation of the quarries.  At the trial, appellant offered evidence to show that an equal quantity of similar refuse which it removed was in the quarries when the lease was made, and the rejection of this evidence is assigned as error.  The evidence shows that appellant examined and knew the conditions existing at the quarries when the lease was made, and if the

removal of such refuse was necessary to a proper operation of the quarries, appellant assumed that burden, at the same time it covenanted to remove similar refuse accumulating from its own future operations. The trial court did not err in the exclusion of this evidence. Appellant, however, further contends that in any event the failure to remove such refuse was not a breach of the covenants of the lease, for that the lease only requires appellant to leave the property "in as good condition as when the property was entered upon by the party of the second part, loss by fire or inevitable accident a---, ordinary wear excepted." In the absence of that clause in the lease which in terms requires appellant to remove refuse which shall accumulate from its own operations, such a construction of the covenant to return the property "in as good condition as when the property was entered upon," might seem reasonable.

[3-5] It is perfectly clear, however, that the two covenants must be construed as imposing distinct obligations, and that the covenant relating to the general condition of the plant as a whole cannot be held to release appellant from the performance of its specific covenant to remove such accumulating refuse. It appears in evidence that a small hole was broken in the shell of the No. 5 Austin crusher, for which plaintiff claimed damages. Appellant contends that this was an "inevitable accident" due to crystallization of the steel resulting from its use, in crushing an extremely hard material. It certainly was not an "accident," inevitable or otherwise, if it was the usual and ordinary result of such use, as claimed by appellant. Whether it was excepted from the covenant as the result of "ordinary wear" was a question for the jury.

[6] Appellant excepted to the instructions of the trial court as to damages, because the court failed to instruct that appellant would not be liable for damages resulting from "inevitable accident." There is no evidence in the record upon which such an instruction could be predicated. The court fully and we think correctly instructed the jury upon the matter of damages, as follows:

"It appears this machinery is used in the process of operating the quarries, which, of course, involves more or less wear and tear, and the intention of the parties in this contract was that the

defendant should keep up this property in good condition. It is provided that it is in all things to do and perform those things which would maintain the quarries in good condition, and which of course would necessitate the restoration of any portion of this apparatus that was absolutely worn out and useless. But they were bound to restore the property not absolutely in the condition they received it, but in as good condition as when received, natural wear and tear excepted. * * * If any of this property was in worse condition because of other causes, that is, from misuse or inattention, than it was when received, that depreciation would fall upon the defendant. If the depreciation was from the natural wear and tear, the ordinary use in a skillful manner of that property in the business of the company, the business of quarrying and marketing stone, for that loss or depreciation the defendant would not be liable to the plaintiff."

[7] The lease contained a provision that a schedule should be attached to the lease and made a part thereof, on which should be noted the then condition of the buildings, shops, tools, machinery, derricks, tracks, and other paraphernalia or equipment included in the lease, and that the same should be returned to the lessor in as good condition as noted, natural wear and tear excepted. The trial court excluded other evidence as to the condition of the property at the time the lease was made, upon which rulings appellant assigns error. The court did not err in the exclusion of this evidence. Neither party could dispute the agreed notations in the schedule, which was a part of the lease. Every assignment of error which we deem material is covered by the foregoing discussion. There was considerable conflict in the evidence as to the condition, when returned, of the particular parts of the plant and machinery upon which the claim for damages was based.

[8] The finding of the jury upon these matters is conclusive upon appeal; there being ample evidence to sustain the verdict. The judgment and order of the trial court are affirmed.

WHITING, J., not sitting.