[Civ. No. 3064. First Appellate District, Division One.—January 26, 1920.]

## JOHN L. MATTHEWS, Respondent, v. ROBERT M. DIGGES, Appellant.

[1] UNLAWFUL DETAINER—BREACH OF COVENANTS OF LEASE—DEMAND OF POSSESSION—WHEN ALTERNATIVE NOTICE NOT NECESSARY.— Where the conditions and covenants of a lease violated by a lessee are such that they cannot be performed within three days after the giving of written notice and demand of possession, the lessor is not required to serve therewith the alternative three days' notice to perform the covenants of said lease or deliver possession referred to in subdivision 3 of section 1161 of the Code of Civil Procedure.

[2] ID. — ACCEPTANCE OF OVERDUE RENT — KNOWLEDGE OF LESSEES' BREACH OF COVENANT—CONTINUING BREACH NOT WAIVED.—A covenant in a lease that "The parties of the second part [lessees] also agree that they will at their own cost and expense use reasonable efforts to poison squirrels upon said leased property, the party of the first part [lessor] at his own cost and expense to furnish the necessary poison," being a continuing covenant, the acceptance of an installment of rent with knowledge of the lessees' breach thereof will not constitute a waiver of the continuing breach of such covenant after the payment of such past-due rent.

[3] ID.—RELIEF FROM FORFEITURE OF LEASE — DISCRETION OF TRIAL COURT—APPEAL.—The matter of granting or denying an application, under section 1179 of the Code of Civil Procedure, to be relieved from the forfeiture of a lease for breach of covenant is one which lies so largely in the discretion of the trial court that it requires a very clear showing of an abuse of such discretion to justify a reversal by the appellate court of the order made thereon.

APPEALS from a judgment of the Superior Court of Monterey County, and from an order denying an application to be relieved from the forfeiture of a lease. J. A. Bardin, Judge. Affirmed.

The facts are stated in the opinion cf the court.

Wyckoff & Gardner, Daugherty & Theile and Thos. E. O'Donnell for Appellant.

C. F. Lacey for Respondent.

RICHARDS, J.—There are two appeals in this case presented in the same transcript—one an appeal from the judgment in the plaintiff's favor; the other an appeal from an order made after final judgment denying the defendant's application to be relieved from the forfeiture declared·by said judgment under, section 1179 of the Code of Civil Procedure.

The action was one in unlawful detainer after forfeiture of certain demised premises alleged to have arisen through the breach of certain covenants in the lease thereof by the plaintiff to certain lessees named Wood and Judge, assignors of the defendant. The lease in question was executed by said plaintiff to Wood and Judge on March 22, 1917, the property covered by said lease consisting of two separate ranches containing in the aggregate about nine thousand acres of land, known as the San Lorenzo ranch and the Bitterwater.ranch, and situate in the counties of San Benito and Monterey. About six hundred acres of the land of these ranches was tillable, the balance being grazing land. The plaintiff alleged that there were three certain covenants of this lease which had been broken by the predecessors of the defendant prior to the latter's assignment of the lease. By one of these the said lessees were required to take proper care of a small orchard on one of these ranches; by another to take proper care of a certain cream separator thereon; by the third of these covenants the lessees were to use reasonable efforts to poison the squirrels upon the leased property. The plaintiff, in his amended complaint, alleged the breach of all three of these covenants, but upon the trial of the cause the court found that as to the first two of these in the order above stated the averments of said complaint were untrue. As to the covenant to poison squirrels the trial court found the covenant had been broken so as to entitle the plaintiff to declare a forfeiture of the lease and to recover possession of the premises in this action. Judgment decreeing such forfeiture and recovery was accordingly entered in the plaintiff's favor, and from such judgment the first of the appeals herein was taken.

After the entry of such judgment the defendant moved the trial court for an order relieving him from such forfeiture under section 1179 of the Code of Civil Procedure,

which motion was upon the hearing thereon denied, from which order denying the same the second appeal was taken.

Upon the first of these appeals the appellant makes several contentions. The first of these is that the evidence was insufficient to sustain the finding of the trial court that there was a breach of the covenant in said lease requiring the lessees to poison the squirrels upon the leased premises such as would entitle the plaintiff to declare a forfeiture of said lease. The covenant in relation to the poisoning of squirrels upon the lands in question reads as follows: "The parties of the second part also agree that they will at their own cost and expense use reasonable efforts to poison squirrels upon said leased property, the party of the first part at his own cost and expense to furnish the necessary poison." It may be stated *in limine* with respect to the breach of this covenant that it was broken, if at all, by the original lessees in said lease; that the plaintiff's notice of his claim of forfeiture for such breach and of his demand for the possession of the premises was served upon the said original lessees prior to the assignment by them of their said lease to the defendant herein, and that the said defendant took said assignment of said lease with full knowledge that said notice of forfeiture and demand for possession had been served by plaintiff upon his assignors. It cannot, therefore, be successfully claimed that the defendant herein stands in any better position respecting this action and these appeals than his said predecessors in interest would have occupied had no such assignment been made.

With respect to the appellant's first contention upon the first of these appeals, that the evidence is insufficient to justify the findings and conclusions of the trial court as to a sufficient breach of the foregoing covenant to justify a forfeiture of the lease, it may be said that, after a careful reading of the evidence in the case, we are entirely satisfied that there was sufficient evidence furnished by the plaintiff and his witnesses, both as to the fact that the plaintiff had on his part in said covenant supplied the necessary poison to enable his lessees to perform their part of said covenant, and as to the fact that they had not reasonably performed their part thereof, to justify the findings and conclusions of the trial court in both of these regards. The evidence, it is true, is conflicting as to both of these matters,

but the trial court resolved these conflicts in the plaintiff's favor, as it was entitled to do, and with its findings and conclusions in so doing we are not at liberty to interfere. The appellant's rather specious argument that, since the covenant in question sets no specific time within the five-year term of the lease within which they were bound to perform it, and hence that a forfeiture was prematurely declared, had apparently little weight with the trial court, and could have little with any person at all familiar with the pest of ground-squirrels in farming or grazing communities and with the necessity of regular and organized measures for the extirpation of this troublesome and destructive rodent on the part of owners and occupiers of such lands and insisted upon by the laws of the state especially framed for this purpose. It was clearly the duty of the lessees of these premises under the terms of this covenant in their lease to reasonably keep in a state of reduction the squirrels thereon. This, according to the positive testimony of the plaintiff and his witnesses, they did not do, since they testified, and the court found, that as a result of their failure of reasonable efforts in that regard the said leased property continued to be infested with squirrels. We find no merit, therefore, in the appellant's contention as to the insufficiency of the evidence to sustain the findings of the court in respect to the plaintiff's performance and his lessees' breach of their respective parts of the foregoing covenant in said lease.

[1] The appellant's next contention is that the plaintiff's written notice and demand of possession of the premises covered by said lease was insufficient, for the reason that he failed to serve therewith the three days' notice to perform the covenants of said lease or deliver possession, as required by subdivision 3 of section 1161 of the Code of Civil Procedure. A reference to said section, however, shows that it is only in cases where the conditions and covenants of a lease violated by a lessee can be performed within three days after the giving of such notice that the duty is cast upon the lessor to give notice to his lessee to perform the same within said time or surrender possession of the leased premises. In the case at bar the evidence sufficiently showed, and the court found, that the conditions of the foregoing covenant respecting the poisoning of squirrels upon the leased prem-

ises could not have been performed within three days after notice of its violation. It was, therefore, unnecessary for the plaintiff to include in his notice and demand for possession the alternative otherwise required by said section of the code. (*Schnittger* v. *Rose,* 139 Cal. 656, [73 Pac. 449]; *Zucco* v. *Farulo,* 37 Cal. App. 562, [174 Pac. 929].)

[2] The appellant's next and final contention upon the first of these appeals is that the plaintiff waived any breach of the covenant in question by accepting rent after such breach and with full knowledge thereof, and by other conduct on his part amounting to such waiver. By the terms of the lease in question the full rental of the premises covered by it was to be the sum of twenty-five thousand dollars for its entire term, two thousand five hundred dollars of which was to be paid upon the first day of September of each year, and two thousand five hundred dollars upon the first day of each April thereafter. On the 5th or 6th of April, 1918, the original lessees under said lease sent to plaintiff by mail their check for the installment of the rent then a few days overdue, which check the plaintiff in due course received and retained. He did this knowing that at the time his said lessees were not performing their covenant to poison the squirrels upon the leased premises; and it might be argued that had such lessees thereafter and before the serving upon them of the plaintiff's written demand for the surrender of said premises performed their continuing covenant in respect to the poisoning of squirrels, their lessor's acceptance of the said installment of rent would have constituted a waiver of their past breaches thereof under the authorities cited by appellant. But the covenant was, as above stated, a continuing covenant; and this being so, the plaintiff's acceptance of the installment of rent due on the 1st of April did not, and could not, constitute a waiver of the continuing breach of such covenant after the payment of such past-due rent. (*German Sav. Bk.* v. *Gollmer,* 155 Cal. 683, 688, [24 L. R. A. (N. S.) 1066, 102 Pac. 932]; *Jones* v. *Durer,* 96 Cal. 95, [30 Pac. 1027]; *McGlynn* v. *Moore,* 25 Cal. 384; Taylor on Landlord & Tenant, 9th ed., sec. 501.) We are, therefore, of the opinion that the plaintiff's receipt of the installment of rent in question did not operate as a waiver of the terms and conditions of said covenant, at least as to his lessees' continuing

breaches thereof; nor do we think that his subsequent conduct, without reciting the details thereof, amounted to such a waiver.

[3] Upon the second appeal the appellant contends that he was entitled, under section 1179 of the Code of Civil Procedure, to have been granted relief from the forfeiture of the lease, which had been assigned to him after the immediate lessees' breach thereof and after the plaintiff's written notice and demand for possession duly served upon them. As before stated, the appellant, as such assignee of said lease, stands in no better position than his assignors, having taken the same with knowledge of its breach by them and of the lessor's action in respect of terminating the same. His application for relief and his showing made thereon were met by the plaintiff with a denial of its essential averments and with a counter-showing as to its alleged facts. The matter was heard before the trial court, and upon such hearing the respective parties testified in support of and in denial of the equities presented by the defendant's said application. The trial court, after hearing such testimony, denied the application. The matter of granting or denying such an application is one which lies so largely in the discretion of the trial court that it would require a very clear showing of an abuse of such discretion to justify a reversal of the order made thereon. No such showing has been here presented, but, on the contrary, it was made to appear, not only that the defendant making such application had taken his assignment of said lease with his eyes open to the fact that he was buying a lawsuit, but that, as between himself and the plaintiff, a state of hostility existed which boded ill for any satisfactory resumption and continuance of their relations as landlord and tenant under said lease. The trial court had the parties before it and was thus in the position —which this court is not—of determining where the equities between the parties lay. With such determination we will not attempt to interfere.

Judgment and order affirmed.

Waste, P. J., and Knight, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 25, 1920, and a peti-

tion to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 25, 1920.

Shaw, J., Lawlor, J., Lennon, J., Olney, J., and Kerrigan, J., *pro tem.*, concurred.