[Civ. No. 3464.   Second Appellate District, Division One.—February
24, 1922.]

# ABBIE A. GOODWIN, Respondent, v. CHAS. E. GROSSE, Appellant.

[1] LANDLORD AND TENANT—COVENANT AGAINST SUBLETTING—KNOWL-
EDGE OF VIOLATION—ACCEPTANCE OF RENT—WAIVER OF FORFEITURE.
A lessor having the right under the terms of a lease to forfeit
the same and terminate the tenancy because of a subletting with-
out the written consent of the lessor may waive the same by an
acceptance of rent from the lessee with full knowledge of the
subletting or of other facts constituting the breach of a covenant
for which a forfeiture may be had.

[2] ID.—UNLAWFUL DETAINER—ABSENCE OF WAIVER OF FORFEITURE—
EVIDENCE — FINDINGS — JUDGMENT. — In this action for unlawful
detainer brought after a violation by the lessee of a covenant
against subletting without the written consent of the lessor, the
evidence was ample to support the findings of the trial court to
the effect that neither plaintiff nor her agent had knowledge of
the subletting at the time when they accepted the rent, that said
agent did not assure defendant that the subletting would be
without objection on the part of plaintiff, that defendant's act
in subletting a portion of the premises was not done in reliance
upon any such assurances given by the agent, and that plaintiff
never consented to, sanctioned, or ratified the subletting, nor were
the acts of defendant in so doing done in reliance upon any rep-
resentation, permission, or conduct of plaintiff or her agent;
and from those findings the court properly determined that plain-
tiff did not waive her right of forfeiture.

[3] ID.—KNOWLEDGE OF SUBLEASE BY AGENT — EVIDENCE.—The fact
that plaintiff's agent, on meeting a member of the firm to which
defendant had executed a sublease without the written consent
of plaintiff, was informed by that member that his firm had
vacated their old quarters and located in the building with de-
fendant, until they could get an adjoining storeroom owned by
plaintiff and for the leasing of which they had been negotiating,
did not apprise such agent of the fact that defendant had exe-
cuted a sublease to that firm, as such statement was entirely

1. Acceptance of rent accruing after cause for forfeiture, with
knowledge of such cause, as waiver of forfeiture, notes, 117 Am. St.
Rep. 91;   Ann. Cas. 1913A, 1202;   11 L. R. A. (N. S.) 831;   36
L. R. A. (N. S.) 488.

3. What constitutes sublease, note, 7 Ann. Cas. 539.

consistent with and indicated a temporary arrangement only, under license from defendant, as distinguished from a sublease.

[4] ID. — INSISTENCE UPON PERFORMANCE BY LESSEE — NOTICE UNNECESSARY.—Plaintiff had a right to assume that defendant would comply with his covenant not to sublease the property without her written consent and thus divest himself of all right to possession and control of the premises, and it was not necessary that she notify defendant that she would insist upon a strict performance of the covenants of the lease.

[5] ID.—KNOWLEDGE OF ONE SUBLETTING — ESTOPPEL TO OBJECT TO OTHERS.—The fact that plaintiff, with knowledge of one subletting without her written consent, interposed no objection thereto did not estop her from objecting to a subsequent subletting of the property to an entirely different person.

[6] ID.—AUTHORITY OF AGENT—INABILITY TO BIND PRINCIPAL—ESTOPPEL.—The extent of the agent's authority having been to collect the rents due from defendant to plaintiff, and the terms of defendant's lease having prohibited him from subletting the property without the written consent of plaintiff, the acts of such agent, standing alone, could not estop plaintiff from asserting her rights.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wilton W. Webster for Appellant.

Chas. W. Fourl for Respondent.

SHAW, J.—Plaintiff had judgment in an action for unlawful detainer, from which defendant has appealed.

It appears that plaintiff by a written lease let and demised to defendant certain premises consisting of two storerooms, one of which is designated as 66 North Broadway, in Pasadena, for a term of one year from October 31, 1919. This lease contained a provision as follows:

"It is understood and agreed that the party of the second part (the lessee) shall not assign or transfer this lease, nor sublet any portion of the premises without the written consent of the party of the first part; and furthermore that any attempted assignment or transfer of this lease, or any attempted subletting of said premises, without such written consent, shall be void. It is agreed and understood

that if any . . . default be made in any of the covenants herein contained, it shall then be lawful for the party of the first part to re-enter said premises and to remove all persons therefrom.''

It further appearing without controversy that on May 1, 1920, during the term for which the premises were so let and demised to defendant, and while he was occupying the same under the terms and conditions of said lease, he, without obtaining any written consent of plaintiff so to do, executed a written lease to Brinley Brothers whereby he demised and let unto them, for a term ending October 31, 1920, a part of said premises, to wit, those designated as No. 66 North Broadway. That on June 14, 1920, plaintiff caused to be served upon defendant a written notice of the termination of tenancy, alleging as a ground therefor the breach of the covenant contained in said lease whereby it was agreed that no part of the premises should be sublet without her written consent; and thereafter, to wit, on June 28, 1920, caused to be served upon defendant a three-day notice to quit the premises.

In his answer defendant, in substance, alleged that in the collection of rents and in all matters connected with the lease and defendant's acts thereunder, one H. F. Newell was plaintiff's agent; that as such agent Newell assured him there would be no objection to his subletting the premises to any one so long as defendant remained upon the premises; that thereafter, to wit, on May 1, 1920, defendant, acting in reliance upon the repeated assurances given by Newell as agent of plaintiff to the effect that there would be no objection to his subletting the premises so long as defendant remained thereon, sublet a portion of the same to Brinley Brothers; that for two or three weeks prior to the first day of June, 1920, Newell, as such agent, had actual knowledge of the subletting to Brinley Brothers, and that plaintiff prior to June 1, 1920, had knowledge of such fact; that with such knowledge Newell as agent of plaintiff, without objection, did on June 1, 1920, accept the rent for the month expiring July 1st thereafter, and made no objection to the subletting of which he had knowledge; and, further, that prior to the first day of June, 1920, plaintiff had knowledge of all the facts relating to the act of defendant in subleasing a part of the premises,

and sanctioned and ratified the making of the same, and that the acts of defendant in so doing were had and done because of and in reliance upon the representations and conduct of plaintiff herein and her agent; as to all of which facts, other than that Newell was agent of plaintiff in the collection of the rental, the court found adversely to defendant.

Claiming that such findings are unsupported by the evidence, appellant insists, first: That the right of forfeiture, as disclosed by the testimony, was waived by acceptance of rent with notice of the subletting; second, that respondent is estopped from declaring a forfeiture; and, third, that the subletting was ratified by respondent.

[1] It is true, as held in numerous cases (among which see *Jones* v. *Durrer,* 96 Cal. 99 [30 Pac. 1027]; *Randol* v. *Tatum,* 98 Cal. 390 [33 Pac. 433]; *Spangler* v. *Spangler,* 11 Cal. App. 321 [104 Pac. 995]; *Stevinson* v. *Joy,* 164 Cal. 279 [128 Pac. 751]), that a lessor having the right under the terms of a lease to forfeit the same and terminate the tenancy because of a subletting without the written consent of the lessor, may, nevertheless, waive the same by an acceptance of rent from the lessee with full knowledge of the subletting or other facts constituting the breach of a covenant for which a forfeiture may be had. [2] This principle, however, is not applicable to the facts, as found by the court, that Newell had not, as alleged, been informed prior to May 1st that defendant contemplated the execution of such sublease or any sublease, and that neither plaintiff nor her agent had any notice or knowledge prior to June 1, 1920, when the rent was accepted for the month of June, of the making of the sublease, and that said agent did not assure defendant at any time or at all that the subletting of the property would be without objection on the part of plaintiff so long as defendant personally remained upon said premises, and that defendant's act in subletting a portion of the premises to Brinley Brothers for six months was not done in reliance upon any assurances given by said agent that there would be no objection to the same providing he remained upon the premises, and that plaintiff never consented to, sanctioned, or ratified the subletting, nor were the acts of defendant in so doing done in reliance upon any

representation, permission, or conduct of plaintiff or her agent.

In our opinion, the evidence is ample to support the facts so found. The testimony of plaintiff, in most positive terms, is that she never learned that Brinley Brothers were in occupation of a part of the premises, under sublease or otherwise, until about June 5th, after the rent for such month had been paid, and that at the time of the acceptance thereof she had no notice, knowledge, or information to the effect that defendant had violated the covenant of the lease for which the forfeiture is claimed. Appellant, however, insists that Newell as agent was cognizant of the subletting and that his knowledge must be imputed to his principal. This contention is based, not upon testimony showing actual knowledge of such fact on the part of Newell, but it is claimed that such conclusion is the fair inference from his testimony. **[3]** As to this, it appears that Newell, meeting one of the Brinley Brothers, was told by him that they had vacated their old quarters and located in the building with Mr. Grosse until they could get the storeroom designated as No. 68 North Broadway, owned by plaintiff and for the leasing of which they had been negotiating. There was nothing in this information to apprise Newell of the fact that defendant had executed the sublease. Such fact was entirely consistent with and indicated a temporary arrangement only, under license from defendant, as distinguished from a sublease. (*Shaw* v. *Caldwell,* 16 Cal. App. 7 [115 Pac. 941]; *St. Louis U. Trust Co.* v. *Galloway,* 193 Fed. 106.) As said in *German-American Sav. Bank* v. *Gollmer,* 155 Cal. 683 [24 L. R. A. (N. S.) 1066, 102 Pac. 932], "a waiver is the relinquishment of a known right"; hence there must be, as there stated, actual knowledge of the existence of the fact upon which such right can be predicated. It clearly appears, we think, that plaintiff was without any knowledge of the making of the sublease at the time the rent was paid. In view of the evidence referred to, and the fact that defendant testifies that he never at any time told plaintiff or her agent that the Brinleys were there and never informed either of them that he had made a sublease of the property, the court was fully warranted in finding there was no waiver of the right of forfeiture due to an acceptance of the rent after knowledge of the making of the sublease. **[4]** Ap-

pellant appears to lay much stress upon the fact that plaintiff never notified defendant that she would insist upon a strict performance of the covenants of the lease. Such act on her part was unnecessary. She had the right to assume that defendant would comply with his covenant not to sublease the property without her written consent and thus divest himself of all right to possession and control of the premises. Assuming that Newell as her agent was cognizant of the fact that Brinley Brothers were occupying a part of the premises, and that plaintiff was thereby chargeable with notice, the information obtained was wholly consistent with the fact that they were not in possession under a lease giving them the exclusive possession and control of the premises so occupied, but under a license for temporary occupation from the defendant.

The claim that plaintiff is estopped from insisting upon the forfeiture of the lease is based upon the alleged fact that Newell, as agent of plaintiff, assured defendant that no objection would be made by plaintiff to his subletting the property, provided he remained on the premises, and that acting thereon he had theretofore leased a part of the premises to one Foulke, who was a dealer in automobiles. [5] Not only did Newell deny making the statements so attributed to him by defendant, which fact is sufficient to support the finding, but assuming that plaintiff, having notice of the sublease to Foulke, interposed no objection thereto, she was not estopped by reason thereof to object to the subsequent subletting of the property to Brinley Brothers. The character of the business conducted by Foulke may have been wholly unobjectionable and that of Brinley Brothers, engaged in the repair of automobiles, have been most damaging to the property. "The breach of a covenant against subletting is not a continuing one so far as there is only one subletting, but a lessor does not, by waiving his re-entry on one underletting, lose his right to re-enter on a subsequent underletting." (24 Cyc. 1363 and cases there cited.) [6] Moreover, the extent of the agent's authority was to collect the rents due from defendant to plaintiff, and since under the terms of the lease defendant could not sublet the property without the *written* consent of plaintiff, the acts of such agent, standing alone, could not estop plaintiff from asserting her rights.

From what is said, it is apparent there was no ratification on the part of plaintiff of defendant's act.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 24, 1922.

All the Justices concurred.

Waste, J., was absent and Richards, J., *pro tem.*, was acting.