## BEN LOMOND WINE CO. v. SLADKY.[*]

### S. F. No. 2468; January 3, 1903.

#### 71 Pac. 178.

**Appeal—Order Granting New Trial.**—Where one of the grounds of the motion for a new trial is insufficiency of evidence to justify the verdict, and the order granting the new trial is general in its terms, it must be affirmed.

---

[*]For subsequent opinion in bank, see 141 Cal. 619, 75 Pac. 332.

Appeal.—Where the Order Granting a New Trial was general in its terms, the supreme court, on appeal therefrom, was not limited to a consideration of the reasons given therefor by the lower court in an opinion filed by it at the time.

APPEAL from Superior Court, Santa Cruz County; Lucas F. Smith, Judge.

Action by the Ben Lomond Wine Company against Charles Sladky. Judgment for defendant, and from an order granting a new trial defendant appeals. Affirmed.

Lester H. Jacobs and Frohman & Jacobs for appellant; Kierce, Sullivan & Gillogley for respondent; Geo. R. Eaton and Black & Leaming for defendant.

PER CURIAM.—This action was tried before a jury, and a verdict rendered in favor of the defendant. A motion for a new trial was granted, from which the present appeal has been taken.

One of the grounds for the motion was the insufficiency of the evidence to justify the verdict, and the order granting a new trial, being general in its terms, must, under the well-established rule, be affirmed.

The contention of the appellant that because the court, at the time it made the order, filed an opinion setting forth certain reasons for its action, the consideration of the appeal is limited to those reasons, is untenable: Newman v. Overland Pac. Ry. Co., 132 Cal. 73, 64 Pac. 110. As said in that case: "The order which is entered in the minutes is the only record of the court's action, and is to be measured by its terms, and not by the reasons which the court may give for it." Objection is also made to the form in which the specifications of insufficiency of evidence are set forth in the statement, but, as was said in Bledsoe v. Decrow, 132 Cal. 312, 64 Pac. 397: "The specifications as to the insufficiency of the evidence to justify the findings resulted in getting all the evidence in the record, and seems to have informed defendant's attorneys as to the respects wherein the evidence was alleged to be insufficient." It is recited in the statement herein at the close, "The foregoing comprises all the testimony given in this action": See, also, Churchill v. Flournoy, 127 Cal. 355, 59 Pac. 791; Standard Quicksilver Co. v. Habishaw, 132 Cal. 115, 64 Pac. 113.

The order is affirmed.