[S. F. No. 2559. Department Two.—July 24, 1903.]

-FREDERICKE SCHNITTGER, Appellant, v. JOHN ROSE et al., Respondents.

APPEAL—REVIEW—ORDER GRANTING NEW TRIAL—OPINION OF COURT—CONFLICTING EVIDENCE.—Upon appeal from an order granting a new trial which is general in its terms, and not expressly limited as to

the grounds for making it, this court is not restricted in its review to the opinion of the court below setting forth its reasons for granting it; and it is sufficient to support the order that one of the grounds for the motion was insufficiency of the evidence, and the evidence was conflicting.

UNLAWFUL DETAINER—FORFEITURE OF LEASE—BREACH OF COVENANT—DEMAND FOR POSSESSION.—Under section 1161 of the Code of Civil Procedure, a demand for possession is required in all cases as against a tenant of real property continuing in possession after a forfeiture of the lease for breach of any of the covenants therein, before an action of unlawful detainer can be sustained.

ID.—COVENANT NOT CAPABLE OF PERFORMANCE.—Where the broken covenant is not capable of performance, the alternative form of notice to the tenant to perform the covenant or surrender possession is not required; but there must be a written demand to surrender the possession within three days, in such case, as a condition precedent to an action for unlawful detainer.

ID.—UNSUCCESSFUL APPLICATION FOR RELIEF FROM JUDGMENT—MOTION FOR NEW TRIAL NOT WAIVED—INAPPLICABLE RULE.—An unsuccessful application by the tenant to be relieved from a judgment adjudging forfeiture of the lease for breach of covenant cannot operate to preclude the prosecution of his motion for a new trial. The rule that a party who accepts some advantage under a judgment forfeits all right to attack it does not apply where no benefit is derived thereunder.

APPEAL from an order of the Superior Court of Sonoma County granting a new trial. S. K. Dougherty, Judge.

The facts are stated in the opinion of the court.

Nagle & Nagle, for Appellant.

The plaintiff elected between inconsistent remedies, and by seeking to be relieved from the judgment abandons his motion for a new trial. (*Rodermund* v. *Clark,* 46 N. Y. 354; *Thompson* v. *Howard,* 31 Mich. 310; *Robb* v. *Vos,* 155 U. S. 13; 7 Am. & Eng. Ency. of Plead. & Prac., p. 363.) Where a broken condition is impossible of performance, the law does not require impossibilities (Civ. Code, sec. 3531), and the three days' notice was not required. (*Kelly* v. *Teague,* 63 Cal. 69.) The defendant, when he failed to perform his covenant, became a trespasser, and the contractual relation of landlord and tenant ceased to exist. (*Canavan* v. *Gray,* 64 Cal. 5; *Burnham* v. *Stone,* 101 Cal. 164.)

CXXXIX. Cal.—42

Moreland & Norton, and J. R. Leppo, for Respondents.

A demand in writing for the possession after covenant broken was essential to sustain unlawful detainer. (*Silva* v. *Campbell,* 84 Cal. 420, 424; *King* v. *Connolly,* 51 Cal. 183; *Opera House Assn.* v. *Bert,* 52 Cal. 472; *Smith* v. *Hill,* 63 Cal. 52; *Martin* v. *Splivalo,* 56 Cal. 129.) The order granting the new trial may be sustained on any ground assigned in the motion therefor without regard to the opinion of the court. (*Churchill* v. *Flournoy,* 127 Cal. 362; *Kauffman* v. *Maier,* 94 Cal. 269; *Hayes* v. *Fine,* 91 Cal. 391; *In re Kingsley,* 93 Cal. 576.) There was no estoppel by election of remedy. No advantage was obtained, and the remedies sought were not inconsistent, but had the same object. The policy of the law is to allow a party to avail himself even of inconsistent defenses or causes of action. (*Banta* v. *Siller,* 121 Cal. 414; *Miles* v. *Woodward,* 115 Cal. 315; *Stockton etc. Works* v. *Glen Falls Ins. Co.,* 121 Cal. 167, 171.)

LORIGAN, J.—This is an action in unlawful detainer brought under subdivision 3 of section 1161 of the Code of Civil Procedure, to have a lease under which defendant Rose held possession of certain lands in Sonoma County, declared forfeited. The breach of the lease is alleged to have consisted in his failure to perform a covenant therein, by which he agreed to manufacture into wine for the plaintiff—lessor —certain grapes grown upon what is known as the "Schnittger Ranch," situated some distance from the premises leased, and for damages for the breach thereof. The case was tried before a jury, a verdict rendered in favor of the plaintiff, declaring the lease forfeited, and judgment entered in her favor upon such verdict. The defendant moved for a new trial, alleging various grounds therefor, among others, that the evidence was insufficient to support the verdict.

The court granted a new trial, and from the order granting it plaintiff appeals.

Appellant contends that this court is confined, in reviewing the validity of the order granting the new trial, to the ground which he claims the lower court, in its written opinion accompanying the order, assigned as a reason for granting it. This contention is untenable. This court is not limited to

the opinion of the lower court setting forth the reasons upon which the new trial was granted, but must look solely to the order which is entered in the minutes. The rule in that regard is declared in *Newman* v. *Overland Pacific Ry. Co.,* 132 Cal. 74, as follows: "If the order is in general terms, and can be sustained upon any of the grounds presented therefor, it will be assumed here, in its support, that it was made upon that ground. This rule of procedure is not affected by the fact that at the time of making the order the court files an opinion in support of its action wherein it discusses one or more of the grounds presented. The order which is entered in the minutes is the only record of the court's action, and it is to be measured by its terms, and not by the reasons which the court may give for it. . . . If the court had intended to limit the grounds for making the order to the principles of law given in the cases cited in its opinion, it should have expressed this intention in its order." (*Ben Lomond Wine Co.* v. *Sladky,* (Cal. Jan. 3, 1903), 71 Pac. 178.)

The order granting the motion in this case was in general terms, and was not limited to any matter discussed in the opinion, or to any particular ground of the motion. One of the grounds of the motion was the insufficiency of the evidence to justify the verdict. The statement shows that there was a decided conflict in the evidence, and under the settled law, where the evidence is conflicting, the trial court is authorized, in the exercise of a sound legal discretion, to review it on motion for a new trial, and, if satisfied that the verdict is against the weight of the evidence, to grant the motion, and its order in that regard will not be disturbed upon appeal unless for clear abuse of such discretion. There is no pretense of any such abuse here, and hence, for the above reason alone, the order granting the motion should be affirmed.

While, however, the opinion of the lower court may not operate to limit the power of this court in considering the grounds upon which the motion for a new trial was granted, it may, nevertheless, be examined, and should be, together with the statement, for the purpose of ascertaining whether it discloses any special point in the case, which in disposing of the appeal here may merit particular attention, in view of a new trial in the lower court. We perceive such a point, and now proceed to discuss it.

This action, as was said, was brought under subdivision 3 of section 1161 of the Code of Civil Procedure, which provides:—

"A tenant of real property, for a term less than life, is guilty of unlawful detainer:

"3. When he continues in possession, in person or by subtenants, after a neglect or a failure to perform other conditions or covenants of the lease or agreement under which the property is held, than the one for the payment of rent, and three days' notice, in writing, requiring the performance of such conditions or covenants, or the possession of the property, shall have been served upon him . . . When three days after the service of the notice, the tenant . . . may perform the conditions or covenants of the lease . . . and thereby save the lease from forfeiture; provided, if the covenants and conditions of lease, violated by the lessee, cannot afterwards be performed, then no notice, as last prescribed herein, need be given to said lessee or his subtenant demanding the performance of the violated covenant or conditions of the lease."

The point above referred to is, that there was no proof of any demand for the possession of the property having been made upon defendant prior to the commencement of the action, and this was one of the main grounds urged upon the motion for a new trial as to the insufficiency of the evidence to sustain the verdict. Against this contention it is insisted by plaintiff that under the terms of the section above quoted no demand was necessary, as the covenant of the lease for the violation of which this action was commenced was such that after its breach it could not be performed, and that the requirement of three days' notice only applies where it is within the power of the lessee, after breach and upon demand to perform the covenants. This was the point to which the opinion of the lower court was addressed, and the failure to make such proof of notice was one of the grounds upon which the motion for a new trial was granted. This alone was a good ground for granting it.

Where the relation of landlord and tenant exists, and it is sought before the expiration of the period fixed in the lease to obtain the possession of the demised premises for a failure to perform any of the covenants or conditions therein, a demand

is always necessary before an action in the nature of a summary proceeding under the code can be invoked to dispossess the tenant. The principal object of such an action, and the relief which the law intends to afford through its provisions, is to obtain speedy possession of the premises without vexatious litigation, or the necessity of resorting to an action in ejectment. The primary object to be attained is immediate possession, and this may be accomplished in the first instance by making a demand of the tenant who has failed to perform the conditions of his lease, requiring him to surrender it. As the tenant is aware that a breach of the covenants of the lease may work a forfeiture of the term, if the landlord should so elect to treat it, he may be prepared to deliver up possession on demand. On the other hand, he is equally well aware that the mere breach of the covenant does not itself work a forfeiture; that it is optional with the landlord whether he will take advantage of it or not; and that the right to exercise this option exists whether the covenant violated by him is one which he cannot thereafter perform, or one which upon demand he can perform but refuses to do so. The only knowledge that the tenant can have that his landlord purposes to stand upon the strict terms of the lease, and to dispossess him for a failure to perform its covenants, is through actual notice of that fact by demand for possession. The demand operates both as a notice of the landlord's election to insist on a forfeiture of the lease, and as requiring surrender of possession by the tenant.

The "unlawful detainer" for which these summary proceedings are authorized, imports by its very terms a wrongful withholding of possession—a failure to deliver up possession, which in law should be surrendered. Upon no legal principle can it be contended that there is an unlawful detainer simply because a lessee remains in possession after breach of a covenant in a lease of which the lessor may or may not take advantage, as he is minded. Such a covenant is solely for the benefit of the lessor, which he may waive, and in law does waive, unless within a reasonable time he insists upon it. The only advantage which accrues to him from the breach is the right to possession; the only notice the lessee can have that the landlord elects to avail himself of the

breach is a demand for that alone which the breach entitles him to—a surrender of the possession of the premises.

The section provides, that where the conditions or covenants of a lease can be performed, a lessee may within three days after the service of the notice perform them, and so save a forfeiture of his lease. By performing, the tenant may defeat the landlord's claim for possession. Where, however, the covenants cannot be performed, the law recognizes that it would be an idle and useless ceremony to demand their performance, and so dispenses with the demand to do so. And this is all that it does dispense with. It does not dispense with the demand for the possession of the premises. It requires that in any event. If the covenants can be performed, the notice is in the alternative, either to perform them or deliver possession. When the covenants are beyond performance an alternative notice would be useless, and demand for possession alone is necessary. Bearing in mind that the object of this statute is to speedily permit a landlord to obtain possession of his premises where the tenant has violated the covenants of the lease, the only reasonable interpretation of the statute is, that before bringing suit he shall take that means which should be most effectual for the purpose of obtaining possession, which is to demand it. If upon demand the tenant surrenders possession, the necessity for any summary proceeding is at an end, and by the demand is accomplished what the law otherwise would accord him under the proceeding.

It would establish a very harsh rule to place any other construction upon the section because, when an action is commenced under it, the lessor is not only entitled to have the lease declared forfeited, but is also entitled to damages against the tenant for the unlawful detention, the amount of damages awarded him to be trebled. Such a judgment, as far as the treble damages are concerned, is in the nature of a penalty imposed upon the tenant for withholding the possession of the property when he should have delivered it to the landlord. As the landlord has a right to elect whether he will consider the term ended or not upon the breach of the covenant, it would border upon extreme hardship to construe this section so as to subject the tenant to an action of this character, with

its severe consequences, without requiring a preliminary demand and giving him an opportunity to comply with it and surrender the premises. The right to damages, and to have those damages trebled, would accrue to the landlord immediately upon filing his suit, notwithstanding the tenant might immediately after the bringing of the action be willing to allow the plaintiff to have possession or would have surrendered it without suit if demanded of him. He, nevertheless, could not thereby avoid the trial of the action, or subjection to any damages which the landlord might prove against him, and to have those damages trebled. The law never contemplated such harsh consequences. Its purpose was to aid the landlord in acquiring his property upon breach of covenant and after demand, and not to punish the tenant —in a measure penally—because he had failed to deliver premises which were not demanded of him.

We are fully satisfied that the reasonable and proper construction of the section of the code under consideration is, that it requires a demand for possession to be made before suit, if the landlord wishes to avail himself of a breach of any of the covenants of the lease, whether the covenant be one which is capable of being performed after its breach, or one which is incapable of being so performed.

This court has not heretofore had occasion to dispose of the precise question here presented, and neither the authorities cited by appellant nor respondent have any direct bearing upon the question, but we are satisfied that a proper construction to be placed upon the statute is, that it requires a demand for possession to be made in all cases where proceedings under the statute are taken.

Appellant contends that the respondent was concluded in the lower court from insisting upon his motion for a new trial.

It appears that after serving his notice of intention to move for a new trial, the respondent applied to the lower court under section 1179 of the Code of Civil Procedure (a section relating to the general subject of actions for unlawful detainer) to be relieved against the judgment forfeiting the lease. The application was heard and denied, and appellant insists that by making the motion to be relieved against the judgment in the lower court the respondent was thereafter

precluded from insisting upon proceeding with his motion therein for a new trial. He contends that the defendant, by availing himself of such motion, cannot be heard to afterwards claim that the judgment was erroneous; that the two positions are inconsistent because, by making the application in the one, he recognized the regularity of the judgment, and by insisting upon the other he denied it. We do not think there is anything in this argument. We understand the general rule to be that, where a party accepts the fruits of a judgment, or accepts some advantage under it, he thereby forfeits all right to make an attack upon it. But this only applies in cases where he derives some benefit. It does not apply where an ineffectual effort to attain that benefit is made. In the case at bar the defendant, by the very terms of the statute governing this proceeding, had a right to apply to the court to be relieved from the judgment. He made that application and it was denied. We cannot see how the application and his failure to obtain the relief can estop him from proceeding with his motion. He obtained no benefit or advantage which should conclude him from further proceeding with it. Many authorities are cited by appellant upon this point, but they are all cases applying to the election of remedies, or cases where a party has availed himself of the benefit of some order made in a case, under which he derived an advantage, or where he accepted some benefit or advantage under the judgment. Of course, in such cases a party will be precluded from asking any review of an order under which he acted to his advantage, or to question the validity of a judgment under which he accepted a benefit. But where a party is invoking relief from a judgment, which relief, if granted, would obviate any necessity of pursuing his motion for a new trial, we cannot perceive upon what principle the denial of his application precludes him from availing himself of an independent proceeding to attain the same end. Equity abhors a forfeiture, and it is that abhorrence which prompted the section of the code authorizing relief from a forfeiture after judgment. It would hardly be just to invite the tenant to apply for relief from the judgment of forfeiture, and through its denial preclude him from applying to the court for the same relief under the motion for a new trial in the case.

There was nothing inconsistent between the application for relief and the motion for a new trial. They both sought the same end—relief from the judgment.

We think the court properly granted the motion for a new trial, and the order granting the same is affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.