[Civ. No. 1855.     Second Appellate District.—May 7, 1917.]

# W. L. MYERS, Respondent, v. DAVID HERSKOWITZ, Appellant.

LANDLORD AND TENANT—VIOLATION OF CLAUSE OF SUBLEASE—ACCEPT-ANCE OF RENT—RIGHT OF ACTION NOT WAIVED.—Under the terms of a sublease of a portion of a storeroom, the acceptance by the sub-lessor of earned rent after knowledge of the violation by the sub-lessee of a clause in the sublease prohibiting the placing of goods in the aisle space reserved for the common use of tenants, is not a waiver of his right to prosecute an action in unlawful detainer, where it is shown that the plaintiff made continuous objection to the violation of the clause, and the defendant continued in its violation, and also continued in the possession of the premises during the pendency of the action.

ID.—WAIVER OF FORFEITURE—CONTINUING COVENANT—FORFEITURE—ES-TOPPEL.—In the application of the rule that where a particular act or omission entitles a landlord to declare a forfeiture, the receipt of rent accruing subsequent to the act waives the forfeiture if the lessor had knowledge of the facts, there is a distinct difference be-tween a covenant or condition which is of a continuing nature and one not of that nature. Where the general course of dealing be-tween parties had led one of them to believe that a strict compliance with the terms of a condition binding on him will not be required, the other party may be estopped from claiming the forfeiture.

ID.—CLAUSE OF LEASE—COVENANT OR CONDITION—IMMATERIALITY.—In an action in unlawful detainer to recover the possession of a por-tion of a storeroom for violation of a clause in the sublease thereof prohibiting the placing of goods in the aisle space reserved for the common use of tenants, it is immaterial whether such clause consti-tuted a covenant or condition, as the provisions of section 1161 of the Code of Civil Procedure apply equally to conditions or covenants

ID.—DAMAGES — EVIDENCE — RENTAL VALUE OF PREMISES — QUALIFIED WITNESS.—A witness is sufficiently qualified to testify as to the rental value of premises as a basis for the award of damages, who is shown to have been familiar with rental values in the neighbor-hood for the past three or four years.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

John C. Stick, for Appellant.

Edward M. Selby, for Respondent.

CONREY, P. J.—Appeal by the defendant from the judgment and from an order denying his motion for a new trial.

The plaintiff was the owner of a lease covering a storeroom building in the city of Los Angeles. One of the storerooms of that building was known as No. 554 South Main Street. The storeroom was sublet in separate sections to several tenants. The defendant was the owner of one of these subleases for a' described portion of said storeroom for a period ending December 31, 1914. There was extending through the storeroom an aisle space reserved for common use of the tenants. Defendant's lease provided that "that certain space so reserved shall be used for the common purpose of ingress and egress of any and all persons doing business in said room and their patrons, and to be used exclusively for said purpose; it being especially and expressly agreed that no goods, wares, or merchandise shall be placed, kept, or permitted in said space so set aside for the common use aforesaid, but that the same shall at all times be kept free and clear for the uses hereinbefore specified." In September, 1913, the plaintiff and defendant entered into an agreement whereby defendant's lease (subject to the conditions set out therein, with exceptions not important here) was extended for a further period of two years. It was agreed that if any default be made in any of the covenants or conditions of the lease, the defendant would by such default forfeit all right, title, or interest thereunder.

This is an action in unlawful detainer. It is alleged in the complaint, which was filed on June 15, 1914, that at all times since the fourth day of September, 1913, the defendant failed, neglected, and refused to permit said space so reserved to be used exclusively for the purposes limited by the lease and has repeatedly placed and kept goods, wares, and merchandise in said space so set aside for common use, and has refused to keep said space free and clear for the uses specified in the lease. It was alleged that by reason of defendant's breach of said conditions and covenants the plaintiff was unable to rent or sublet other portions of said storeroom, whereby plaintiff was damaged in the sum of $750. On June 4, 1914, the plaintiff served upon defendant a notice in writing which referred

definitely to the covenants above stated and the claimed breach thereof by the above-mentioned acts of the defendant, and required the defendant to perform said conditions and covenants or deliver possession of said premises to the plaintiff within three days after the service of said notice. It is alleged that defendant neglected to comply with this notice. The notice given was the notice required by section 1161, subdivision 3, of the Code of Civil Procedure. The defendant by his answer herein admitted the contract as pleaded, but denied that he had refused, neglected, or failed to perform the said conditions of the lease; and denied that because of such neglect or failure the plaintiff was unable to rent or sublet the premises, and denied that the plaintiff had suffered damages by reason of any act or neglect on the part of defendant. The defendant further alleged, as a separate defense, that the plaintiff and the plaintiff's assignor had waived all right which they may have had, under the lease, to the space alleged in the complaint to have been occupied by the defendant.

The principal contention requiring attention here arises from appellant's claim that respondent waived the alleged infraction of the lease by accepting payments of rent at times when respondent knew the facts constituting such infraction. The rent was regularly paid and accepted monthly in advance until and including May, 1914. On June 1, 1914, appellant tendered the amount of rent for that month by sending to respondent a check therefor, and the check was returned to appellant. Appellant then deposited the same to the credit of respondent in a bank at Los Angeles, and respondent was notified thereof. In July respondent drew that money from the bank. The same procedure was followed by the respective parties each month thereafter down to the time of the trial, which occurred in March, 1915. Where a particular act or omission entitles the landlord to declare a forfeiture of the lease, the general rule is that the receipt of rent accruing subsequent to the act which works the forfeiture, waives the forfeiture, if the lessor at the time of receiving such rent has knowledge of the facts entitling him to such forfeiture. The rent which he accepted must be rent which became due after the breach committed by the tenant. (*McGlynn* v. *Moore,* 25 Cal. 384, 394; *Silva* v. *Campbell,* 84 Cal. 420, [24 Pac. 316].) But in the application of this rule there is a distinct difference between a covenant or condition which is of a continuing

nature and one not of that nature. While the unconditional acceptance by the landlord of moneys as rent, which rent has accrued after the time a tenant should have surrendered possession, will constitute strong evidence of the landlord's waiver of his notice to quit, nevertheless the question of waiver is one of intent. Waiver is the intentional relinquishment of a known right after knowledge of the facts. To establish such waiver the evidence must indicate a meeting of minds and the intentional forbearance to enforce a right. (*Alden* v. *Mayfield*, 164 Cal. 6, at p. 11, [27 Pac. 45].) Where the general course of dealing between parties has led one of them to believe that a strict compliance with the terms of a condition binding him will not be required, the other party may be estopped from claiming the forfeiture. What we have to determine, therefore, is whether the plaintiff manifested an intention to waive his objections to the conduct of the defendant, and whether in so doing he misled the defendant to his injury by causing defendant to believe these infractions of the covenant would be condoned.

The court found that it was not true that the plaintiff or his assignor had waived their rights as to this matter. Appellant insists that the evidence is insufficient to support that finding; but we think that the evidence does support the finding. The defendant admitted that he received from the plaintiff two letters prior to the time of the notice served on June 4th. One of these stated that the defendant occupied too much space around a certain post at the side of the aisle. The second letter, dated March 17, 1914, called defendant's attention to the aisle space in question here. During the month of May, 1914, additional violations of the same covenant of the lease took place. Thereafter the plaintiff proceeded as above stated, and diligently prosecuted this action. Under these circumstances, we think that the conduct of the plaintiff in accepting the money, not in advance, but after the completion of the several months, was not a waiver of his right to prosecute the action. The covenant was of a continuing nature, the defendant was continuing to violate it, and the plaintiff was continuing to object to such violation and continuing his attempt to obtain possession of the premises. The tenant having succeeded in retaining possession of the premises during the pendency of the action, plaintiff was entitled to compensation therefor, and after the benefit had been re-

ceived by the defendant the plaintiff might reasonably accept
such compensation, to which he was entitled, without being
held to have waived the right of action which he was then
prosecuting. In *Ramish* v. *Workman, ante,* p. 19, [164 Pac.
27], it was held that the landlord was entitled to recover rent
for a period which included the time between the entry of a
judgment for possession and the date of actual ejectment of the
tenant. "So long as defendants continued to occupy the prem-
ises pending the final determination of the action for unlawful
detainer, the lease constituted the measure of their liability for
such time as they remained in possession." Under these cir-
cumstances, we perceive no reason why plaintiff's acceptance
of compensation to which he was clearly entitled should force
upon him an implied waiver which he did not intend and
which evidently the defendant knew that he did not intend.
"Neither will the receipt of rent after a landlord has actually
commenced his action of ejectment for the forfeiture, or as
compensation for the occupation, the landlord reserving the
right to re-enter, amount to a waiver." (Taylor on Landlord
and Tenant, 9th ed., sec. 497.)

Appellant contends that the clauses of the lease involved in
this controversy constitute a covenant and not a condition,
and that under the rules applicable thereto a forfeiture for a
breach thereof should not be permitted. Since the agreement
between these parties affirmed the right of forfeiture through
breach of the "covenants or conditions of the lease," it would
seem that the stipulations here in question created qualifica-
tions whereby the estate granted might be defeated and did
amount to a condition. (*Knight* v. *Black,* 19 Cal. App. 518,
522, [126 Pac. 512].) But the distinction is not material,
since the provisions of section 1161 of the Code of Civil Pro-
cedure, under which this action is maintained, apply equally
to "conditions or covenants."

Appellant urges also that the evidence is insufficient to sup-
port the findings which determine that the defendant violated
the conditions or covenants of the lease, and that by reason
thereof the plaintiff was unable to rent other portions of said
storeroom, whereby plaintiff was damaged in the sum speci-
fied. Without encumbering this opinion with a statement of
the evidence, it is sufficient to say that we have examined the
evidence referred to in the briefs of counsel and are satisfied
that it supports the findings.

Appellant claims error by the court in receiving the testimony of the witness Elderton, who testified to the rental value of the premises, as a basis for the award of damages. The claim is that a sufficient foundation was not laid and that the witness did not sufficiently qualify himself, although he stated that he had been familiar with such rental value for eight or nine years and especially the last three or four years; and that the court erred in overruling appellant's objection to the foundation question asked of the witness, which was: "Are you familiar with the rental value in the neighborhood of these premises at 554 South Main Street?" The ruling was correct, and the defendant did not attempt to show that the witness was not qualified, and did not introduce any evidence contradicting his testimony.

The judgment and order are affirmed.

James, J., and Works, J., *pro tem.*, concurred.