[Civ. No. 11682.  First Dist., Div. Two.—May 7, 1941.]

ANGELO GALLI, Respondent, v. HENRY SCHLOBOHM, Appellant.

Hilary H. Crawford for Appellant.

Albert Picard and Francis McCarty for Respondent.

NOURSE, P. J.—The plaintiff sued for an injunction and for the specific performance of a written contract made by other parties wherein the defendant agreed to execute a written lease of two years for certain premises. The plaintiff had judgment upon findings that all the allegations of his complaint were true and that all the allegations of the answer were untrue.

One Stelling owned the real property upon which the Serve-All Market was operated by von der Mehden under a long term lease. The plaintiff operated a vegetable stand in the market under a lease from von der Mehden. The latter went through bankruptcy, and the sum of $500 which he held from the plaintiff as security for his sublease was forfeited by the discharge in bankruptcy. The Serve-All Market was sold by the Board of Trade and became the property of the New

Fillmore Grocery Company. Other facts material to the inquiry on this appeal are fairly and truly stated in respondent's brief from which we quote: "Appellant Schlobohm desired to buy said market from the New Fillmore Grocery Company and to obtain the cancellation of the existing lease and a new lease from Stelling to himself. Stelling, however, refused to enter into any agreement unless it was acceptable to the New Fillmore Grocery Company. The New Fillmore Grocery Company was willing to sell its business to Schlobohm, to obtain a cancellation of its existing lease with Stelling, and to induce Stelling to execute a new lease from himself to Schlobohm if Schlobohm would agree to sublease the vegetable department to respondent Galli for two years at a rental of one hundred forty (140) dollars a month, and if Schlobohm would further agree to sublease the butcher department of said market to one George Puccini for five (5) years at a monthly rental of one hundred twenty-five (125) dollars. If Schlobohm would not agree to execute said subleases, the New Fillmore Grocery Company would not sell its business to him nor would it induce Stelling to execute a new lease to him in the place and stead of the existing lease. This was made clear to Schlobohm. As a result Schlobohm sent a letter to the New Fillmore Grocery Company offering to buy the business providing he could get a lease from Stelling, and also agreeing to sublease to Puccini and to respondent Galli on the terms hereinbefore set forth. The letter held the offer open to and including June 21, 1937. The time for acceptance was thereafter in writing extended to July 22, 1937. The offer was accepted on July 15, 1937. Negotiations then proceeded back and forth between the parties involved for a period of months until finally all parties agreed to certain terms. These terms included the promise on the part of Schlobohm as evidenced by the letter of May 24, 1937, to the effect that he would make the sublease to respondent Galli. It was understood by all parties that this promise as evidenced by such writing was one of the terms of the agreement, and that subsequent to the payment of the purchase price by appellant, the giving of the bill of sale to appellant by the New Fillmore Grocery Company on cancellation of the lease between Stelling and the New Fillmore Grocery Company, and the execution of a new lease from Stelling to appellant, appellant would execute a written lease

to respondent of the vegetable stand for two years at one hundred forty (140) dollars per month. Thereafter the contract was fully executed by the New Fillmore Grocery Company and Stelling. Appellant, however, did not execute a written lease to respondent on the agreed terms or at all. He did, however, permit respondent to retain the vegetable department and accepted from respondent the monthly rentals of one hundred forty (140) dollars per month. Appellant then on the 25th day of April, 1938, notified respondent that he was terminating his month to month tenancy. Appellant subsequently on the 17th day of May, 1938, notified respondent that on and after the 10th day of July, 1938, respondent's rent for the vegetable stand would be four hundred (400) dollars per month.''

■ Appellant does not controvert the respondent's right to sue·as the third party for whose benefit the contract was executed. His contention is that the written offer made by him on May 24, 1937, was not accepted in writing, that the final contract was consummated on a different basis from that contained in the written proposal, and that the agreement for the sale of the market was part oral and the entire contract therefore void under the statute of frauds.

The written offer of May 24, 1937, was fully executed through the written lease of August 2, 1937, under which the appellant took possession of the premises and still holds. The evidence without conflict disclosed that a primary consideration of that lease was the written undertaking contained in appellant's original offer that he would permit respondent to remain in the premises and would give him a lease for that purpose.

There was no material difference between the terms of the written proposal and of the final contract. The stipulations covering the terms of rental and the security to be tendered were mere details common to all such transactions and had no bearing upon appellant's obligations to respondent.

■ The question whether a contract of this nature which is partly oral and partly in writing is void under the statute of frauds does not come into the case. Respondent relies upon the written proposal of May 24, 1937. He does not rely upon any oral negotiations preceding the execution of the lease of August 2, 1937. The sufficiency of this proposal

to take the case out of the statute of frauds is fully sustained in *Derrick* v. *C. W. R. Ford Co.*, 27 Cal. App. 456 [150 Pac. 396].

But there is an equitable principle which governs the decision, and that is found in subdivision 3 of section 1962 of the Code of Civil Procedure declaring that one is estopped to deny that which he has deliberately led another to believe to be true. The admitted facts are that at all times, both before and after the execution of the lease to appellant, he led the respondent to believe that a sublease would be given him according to the terms of the original agreement—that he was expressly told that the lease would not be given to him unless he agreed to abide by those terms. He permitted respondent to occupy the premises at the agreed rental from May 24, 1937, until April 25, 1938, accepting the stipulated rental each month, without any notice to respondent that he intended to repudiate his agreement. That respondent "has expended large sums of money in the improvement of the business therein and has operated and conducted said business to the benefit of said plaintiff and said defendant." This is a clear case for the application of the principle of the code section.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.