[Civ. No. 8704. Fourth Dist., Div. One. Nov. 29, 1967.]

SALTON COMMUNITY SERVICES DISTRICT, Plaintiff and Respondent, v. WALTER SOUTHARD et al., Defendants and Appellants.

McCarroll & McCarroll and Mary H. McCarroll for Defendants and Appellants.

McDaniel & Pinney and Franklin D. McDaniel for Plaintiff and Respondent.

COUGHLIN, J.—Defendants appeal from a judgment upon a directed verdict in favor of plaintiff in an unlawful detainer action.

The judgment, in effect, makes no adjudication; recites the verdict of the jury finding "plaintiff is entitled to restitution of the premises involved and costs of suit"; but decrees plaintiff "is awarded judgment against defendants . . . in the sum of —— Dollars ($——), lawful money of the United States, —— and for his costs fixed at —— Dollars ($——)." The judgment in the form entered obviously is the product of a clerical error and is subject to correction ex parte. Under these circumstances, it is appropriate to consider the issues raised on the appeal upon the assumption the judgment conforms to the verdict.

In December 1962, plaintiff and defendants executed a written sublease of property in the Salton Sea area. Defendants were to use the property as concessionaires in the

operation of a "bathing beach bath house facility and a short-order, self-service restaurant." ▮ A pertinent provision of the sublease provided as follows: "Notwithstanding that members of the public shall have access to the subleased premises, there shall be absolutely no house trailers and no camping permitted on the subleased premises, and within this prohibition is included sleeping in so-called 'campers' transported on the beds of pickup trucks. It shall be the duty and responsibility of CONCESSIONAIRES to enforce this prohibition, and any sufferance or permission of any such camping shall be deemed a substantial and total breach of this agreement. In this connection, CONCESSIONAIRES are hereby constituted agents of Salton Community Services District for purposes of asserting proprietary control over the said subleased premises." Plaintiff claimed a breach of the foregoing provisions; served defendants with a notice demanding possession of the premises within three days on account of such breach, asserting its election to declare a forfeiture of the sublease; and thereafter filed the complaint in the instant action. Defendants demurred upon the ground the notice to deliver possession did not comply with the requirements of Code of Civil Procedure, section 1161 in that it was limited to a demand for possession rather than the alternative demands of performance or possession. The pertinent part of section 1161 upon which defendants premised their contention declares a lessee is guilty of unlawful detainer when he continues in possession of leased premises after a failure to perform covenants of the lease and "three days' notice, in writing, requiring the performance of such conditions and covenants, or the possession of the property, shall have been served upon him. . . ." Plaintiff contended a demand for performance was not required because section 1161 further provides "if the conditions and covenants of the lease, violated by the lessee, cannot afterwards be performed, then no notice, as last prescribed herein, need be given to the lessee . . . demanding the performance of the violated conditions or covenants of the lease." The trial court overruled the demurrer. Defendants contend this was error.

▮ Where a covenant in a lease has been breached and the breach cannot be cured, a demand for performance is not a condition precedent to an unlawful detainer action. (*Schnittger* v. *Rose*, 139 Cal. 656, 662 [73 P. 449].) ▮ The covenant and breach in question are of this type. (*Hignell*

v. *Gebala,* 90 Cal.App.2d 61, 67-69 [202 P.2d 378]; *Harris* v. *Bissell,* 54 Cal.App. 307, 311 [202 P. 453]; *Matthews* v. *Digges,* 45 Cal.App. 561, 564 [188 P. 283].) The order overruling the demurrer was proper.

Defendants answered; denied a breach of the covenant; and asserted waiver and estoppel, the allegations in support of which were set forth in separate defenses. Plaintiff demurred generally to these defenses. The demurrer was sustained without leave to amend. Defendants contend the facts alleged in these defenses support a waiver and estoppel and, in any event, they should not have been foreclosed from amending their answer to supply any deficiency.

In substantial part the allegations in the separate defenses concerned facts preceding execution of the written sublease, acceptance of rental after breach, and the making of substantial improvements to the leased premises approved by plaintiff with knowledge of the breach. The complaint alleged defendants had "suffered and permitted camping by members of the public on the subleased premises beginning in 1963 and continuing intermittently to the present time" despite repeated demands by agents of plaintiff that such camping be eliminated. A copy of the sublease was made a part of defendants' answer. One of the provisions thereof declared:

"The waiver by the DISTRICT of any breach of any term, covenant or condition herein contained shall not be deemed to be a waiver of such term, covenant or condition or any subsequent breach of the same or any other term, covenant or condition herein contained. The subsequent acceptance of rent hereunder by the DISTRICT shall not be deemed to be a waiver of any prior occurring breach by CONCESSIONAIRES of any term, covenant or condition . . . regardless of the district's knowledge of such prior existing breach at the time of acceptance of such rent." By virtue of the foregoing provision, the demurrer directed to the defense of waiver based solely upon acceptance of rent properly was sustained. (*Karbelnig* v. *Brothwell,* 244 Cal.App.2d 333, 341-343 [53 Cal.Rptr. 335].) The defense purportedly premised on an application of the doctrine of estoppel was inartfully presented; did not adequately allege all of the elements of an estoppel; but set forth facts supporting a waiver premised upon acceptance of benefits under the sublease after knowledge of the breach; and, by virtue of these facts, under principles of law hereinafter considered, stated a cause of defense.

At this juncture it is proper to note defendants alleged, among other things, plaintiff assured them at the time the lease was executed it would not enforce the no-camping covenant. ■ A lessee may not add to the terms of a lease by use of an estoppel based upon representations of the lessor made prior to its execution. (*Alameda County Title Ins. Co.* v. *Panella,* 218 Cal. 510, 515-516 [24 P.2d 163] ; see also *Berverdor, Inc.* v. *Salyer Farms,* 97 Cal.App.2d 459, 461-464 [218 P.2d 138].) On the other hand, where a lessor, by conduct subsequent to execution of the lease, leads a lessee to believe strict compliance with a covenant will not be required and the latter acts accordingly to his detriment, the lessor will be estopped to assert a failure to comply as a ground for forfeiture. (*Alameda County Title Ins. Co.* v. *Panella, supra,* 218 Cal. 510, 516; see also *Myers* v. *Herskowitz,* 33 Cal.App. 581, 584 [165 P. 1031].)

At the trial, following presentation of plaintiff's case, defendants made offers of proof directed to the issues of breach, waiver and estoppel. Objections thereto were sustained. Thereupon defendants stated they had no evidence to present other than that in support of their offers of proof which had been rejected. Plaintiff moved for and obtained a directed verdict.

■ The orders of the court sustaining objections to offers of proof of facts in support of the defenses of waiver and estoppel, in light of the previous order sustaining demurrers to those defenses without leave to amend, were proper because no issue then was before the court respecting these matters. However, the rulings of the court do not appear to be predicated on a lack of pleading of these defenses, but upon the belief defendants relied exclusively upon payment of rent and representations made prior to execution of the sublease as a basis for their claim of waiver and estoppel. The offers of proof do not support this belief. Among other things, defendants offered to prove the camping upon the leased premises to which plaintiff objected occurred intermittently during their entire occupancy; plaintiff knew of this camping; defendants posted no-camping signs upon the premises, fenced the same, and otherwise endeavored to prevent camping; the signs were destroyed, the fences were broken down, and defendants' efforts to enforce the no-camping covenant did not prevent the camping; with knowledge of the alleged breaches, plaintiff approved defendants' construction of permanent improve-

ments upon the subleased premises and permitted them to engage in other expenditures incident to their operations as concessionaires; defendants erected a sign stating the District insisted no camping be allowed upon the premises, but plaintiff required them to remove the sign even though by the terms of the sublease they were constituted agents of the District for the purpose of asserting proprietary control over the premises in order to prevent camping thereon; at all times plaintiff maintained a sign just outside the leased premises stating: ''No overnight camping. Camping allowed eight-tenths of a mile to the north,'' and the actual distance from that sign to the snack bar on the subleased premises was ''seven-tenths plus of a mile,'' whereas the camp ground maintained by plaintiff was two miles from the sign; plaintiff, with knowledge of the alleged breaches of the covenant, insisted defendants comply with the terms of the sublease requiring part payment of lighting expenses totaling $800, and part of a patrolman's salary, and also required defendants to make expenditures for the upkeep of a parking lot it contended was their obligation under the sublease; and, at a meeting of the board of directors of plaintiff at which its manager advised them of his inability, and that of a deputy sheriff, to prevent camping upon the subleased premises, the president of the board said, ''Well, if it's an impossible situation, forget it,'' and with respect to the covenant in the sublease, said: ''Well, if we can't—if it's impossible to enforce it, it should be taken out,'' and the directors ''just agreed to forget the whole thing.''

Evidence tending to prove the foregoing facts would have been admissible upon properly pleaded issues of waiver and estoppel.

Although the elements essential to the defense of equitable estoppel differ from those essential to the defense of waiver, the circumstances in a given case may support both defenses. (Gen. see *Bastanchury* v. *Times-Mirror Co.*, 68 Cal. App.2d 217, 240 [156 P.2d 488].)

A waiver is an intentional relinquishment of a known right (*Henderson* v. *Drake*, 42 Cal.2d 1, 5 [264 P.2d 921]; *Bastanchury* v. *Times-Mirror Co.*, *supra*, 68 Cal.App.2d 217, 240); may be expressed or implied (*Johnson* v. *Kaeser*, 196 Cal. 686, 698 [239 P. 324]: *Jones* v. *Sunset Oil Co.*, 118 Cal. App.2d 668, 673 [258 P.2d 510]; *Prairie Oil Co.* v. *Carleton*, 91 Cal.App.2d 555, 559 [205 P.2d 81]); and may be implied

from conduct inferentially manifesting an intention to waive. (*Johnson* v. *Kaeser, supra,* 196 Cal. 686, 698; *Jones* v. *Sunset Oil Co., supra,* 118 Cal.App.2d 668, 673; *Bettelheim* v. *Hagstrom Food Stores, Inc.,* 113 Cal.App.2d 873, 878-879 [249 P.2d 301].)

■ The mere breach of a covenant in a lease does not effect its termination. (Gen. see 30 Cal.Jur.2d, Landlord and Tenant, § 278, p. 419.) On the happening of such a breach the lessor may elect to disregard it and continue the lease in effect, or rely upon it and declare a forfeiture. (*Ibid.*) ■ Conduct of the lessor, with knowledge of a breach, consistent with the continued existence of the lease and inconsistent with its termination by forfeiture supports an inference the lessor has waived the breach. (*Bettelheim* v. *Hagstrom Food Stores, Inc., supra,* 113 Cal.App.2d 873, 878-879; *Group Property Inc.* v. *Bruce,* 113 Cal.App.2d 549, 556 [248 P.2d 761].) Acceptance of benefits under the lease is such conduct. (*Kern Sunset Oil Co.* v. *Good Roads Oil Co.,* 214 Cal. 435, 445 [6 P.2d 71, 80 A.L.R. 453].)

In *Schnittger* v. *Rose, supra,* 139 Cal. 656, 661, the court said: "Upon no legal principle can it be contended that there is an unlawful detainer simply because a lessee remains in possession after breach of a covenant in a lease of which the lessor may or may not take advantage, as he is minded. Such a covenant is solely for the benefit of the lessor, which he may waive, and in law does waive, unless within a reasonable time he insists upon it."

The elements of the doctrine of estoppel applicable to the case at bench are stated in Evidence Code, section 623 as follows: "Whenever a party has, by his . . . conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he is not, in any litigation arising out of such . . . conduct, permitted to contradict it." (See also former Code Civ. Proc., § 1962, subd. 3.)

■ Conduct of a lessor following execution of a lease leading the lessee to believe compliance with a particular covenant will not be enforced, and reliance upon this belief by the lessee with consequent performance by him of other covenants of the lease, estops the lessor to declare a forfeiture of the lease on account of a breach of the particular covenant. This conclusion is dictated by the rationale of the decisions in *Fowler* v. *Ozcoidi,* 7 Cal.2d 268ˈ [60 P.2d 279], *Schulze* v.

*Schulze,* 121 Cal.App.2d 75, 83 [262 P.2d 646], *Jones* v. *Sunset Oil Co., supra,* 118 Cal.App.2d 668, 673-674; *Industrial Indem. Co.* v. *Industrial Acc. Com.,* 115 Cal.App.2d 684, 689 [252 P.2d 649]; *Bettelheim* v. *Hagstrom Food Stores, Inc., supra,* 113 Cal.App.2d 873, 878-879, *Klein* v. *Farmer,* 85 Cal. App.2d 545, 551 [194 P.2d 106], and *Galli* v. *Schlobohm,* 44 Cal.App.2d 702, 706 [112 P.2d 905].

The covenant imposing upon defendants obligations incident to avoidance of breach on account of their ''sufferance or permission'' of camping upon the leased premises was a continuing covenant. The determinative effect of an application of the doctrines of waiver and estoppel to this case is dependent upon whether all breaches were waived or plaintiff was estopped from asserting any breach. We make no determination respecting these issues. ██ Defendants' offers of proof show an abuse of discretion by the trial court in refusing to permit them to amend the separate defenses alleged in their answer to which demurrers were sustained. Our reference to the facts set forth in those offers must be considered accordingly.

██ Where a demurrer to a special defense is sustained, it is an abuse of discretion to deny leave to amend where it is probable the amendment would adequately state the defense. (Gen. see *Temescal Water Co.* v. *Department of Public Works,* 44 Cal.2d 90, 107 [280 P.2d 1]; *MacIsaac* v. *Pozzo,* 26 Cal.2d 809, 815 [161 P.2d 449].)

Plaintiff contends the limited application of the doctrine of estoppel to public agencies forecloses an estoppel in this case. ██ Although a governmental agency may not be estopped by the conduct of its officers or employees in every instance, where justice and right require it the doctrine will be applied. (*Driscoll* v. *City of Los Angeles,* 67 Cal.2d 297, 306 [61 Cal.Rptr. 661, 431 P.2d 245]; *Lerner* v. *Los Angeles City Board of Education,* 59 Cal.2d 382, 397 [29 Cal.Rptr. 657, 380 P.2d 97]; *Farrell* v. *County of Placer,* 23 Cal.2d 624, 627 [145 P.2d 570, 153 A.L.R. 323]; *City of Los Angeles* v. *Cohn,* 101 Cal. 373, 376 [35 P. 1002]; *City of Imperial Beach* v. *Algert,* 200 Cal.App.2d 48, 52 [19 Cal.Rptr. 144].) The circumstances in this case, accepting the orders of proof as descriptive thereof, justify an application of the doctrine against plaintiff.

██ Not only did the court err in refusing permission to amend defendants' answer, but also in sustaining objections

to certain of the offers of proof which were material to the issue whether there was "sufferance or permission" by defendants of the camping plaintiff alleged occurred on the leased premises. The covenant did not provide the sublease should be terminated in the event any camping took place on the premises. Instead, the obligation imposed on defendants was not to suffer or permit such camping. Attendant upon imposition of such an obligation is a recognition of control over the act the covenantor should not suffer or permit. (Cf. *Block* v. *Citizens Trust etc. Bank,* 57 Cal.App. 518, 525 [207 P. 510]; *Crist* v. *Fife,* 41 Cal.App. 509, 511 [183 P. 197].)

A covenant the breach of which may result in a forefeiture will be construed strictly against the person relying upon the breach. (*Karbelnig* v. *Brothwell, supra,* 244 Cal.App.2d 333, 341; see also 2 Witkin, Summary of Cal. Law (1960) Real Property, § 277, p. 1103.) Evidence that the directors of the District believed it was impossible to prevent camping on the premises, and required defendants to remove the sign stating the District would not permit camping, although the erection of such a sign appears to be authorized by the sublease, was material to a determination whether the acts or omissions of defendant constituted "sufferance or permission" of any camping upon the leased premises within the meaning of the covenant. Likewise, evidence indicating the extent of the efforts made by defendants to prevent camping was material to the same issue. The refusal of the court to permit the introduction of such evidence was error.

In light of another trial, it is pertinent to note that: (1) Evidence of the declarations of plaintiff's agents prior to and at the time of execution of the lease respecting enforcement of the covenant, although not admissible to establish a waiver or estoppel, is admissible to prove its intention as manifested by subsequent conduct; (2) evidence of plaintiff's inability to prevent camping on its property prior to execution of the sublease would be relevant to the issue of the ability of a lessee to control camping on the subleased premises; and (3) evidence of acceptance of rent after an alleged breach of the covenant, although not proof of a waiver, would be relevant to the issue of performance of the covenant as tending to prove plaintiff's satisfaction with defendants' efforts to prevent camping.

The judgment is reversed.

Brown (Gerald), P. J., and Whelan, J., concurred.