MANUEL L. JOSE and RICARDO J. BORDALLO d.b.a.
RICKY'S AUTO COMPANY, Appellants

v.

CONSOLACION G. IGLESIAS represented by her attorney-in-fact, JOHN J. IGLESIAS, Appellee

Civil No. 63-A

District Court of Guam

Appellate Division

October 13, 1970

Before GOODWIN, *Judge*, PEREZ, *Chief Judge*, Island
Court, ABBATE, *Judge*, Island Court

OPINION

This is an appeal from a judgment of the Island Court
to terminate a lease agreement executed between the ap-
pellant Manuel L. Jose and Consolacion G. Iglesias the
appellee herein. The court ordered that the appellants Jose
and Bordallo deliver possession of the leasehold premises
and that all rentals accrued from December 1968 to the
date possession is delivered be paid to appellee. The trial
was held on May 21, 1970 without a jury.

Consolacion G. Iglesias, the appellee, owned a parcel of
land known as Lots 1264, 1262 and 1266-2 Agana, Guam,
which had some improvements. In order that she realize
some income from the property she entered into a lease
agreement for a term of twenty-five (25) years with a re-
newal option for an additional 25 years. The lease agree-
ment was executed on June 22, 1963 and the monthly rental
was for two hundred and fifty ($250.00) and with grad-
uated income to four hundred ($400.00) from the 11th
year. Under the terms of the lease the appellant Jose was
to undertake to commence new construction and make cer-
tain repairs. The trial record shows that there had been
some discussion concerning building to be done by Jose, but
nothing definite was in the final lease.

One of the clauses of the said lease prohibited an assign-
ment of the leasehold interest without the written consent

197

of the lessor. The record shows that on June 19, 1964, Jose entered into an agreement with Ricardo J. Bordallo d.b.a. Ricky's Auto Company. Jose attempted to obtain the consent of Iglesias to the arrangement, but after failing, proceeded without such consent. The Jose-Bordallo arrangement "subleased" the entire premises to Bordallo for five (5) years with 9 options to renew for five years each. Rental under this agreement was the same as that provided in the original lease. Jose later told Iglesias or her representative that the arrangements were merely temporary. The lessor then accepted rental payments from Ricky's Auto on that understanding.

The trial record further shows that in July 1968 the lessor discovered the Jose-Bordallo deal was more than temporary. Upon further inquiry she also learned that certain other promises made in the lease were not being fulfilled by Jose. Therefore, on July 30, 1968, the lessor sent a notice to Jose reciting breaches of the lease agreement and giving him until August 31, 1968 to cure the stated breaches. The record shows that Jose did nothing to cure the breaches.

After August 31, 1968, rental payments were tendered to the lessor who refused to cash them until her attorney advised her that doing so would not compromise her position. The checks having been cashed, carried an endorsement attempting to preserve the lessor's position. Jose does not contend seriously that there has been a breach of the lease. His main contention is that the lessor waived any breach when the rental payments were cashed after August 31, 1968.

It is well settled law, that a covenant not to assign is a continuing one. Here there is nothing to show knowledge of the breach until after July 1968. The determining factor in this case is the effect of cashing of the rental checks after August 31, 1968. If the record showed only that the checks were cashed, without more, there

could be little doubt as to what the decision of this court would be. The record here shows that the lessor did not want to waive the breach and cashed the check only after being assured by her attorney that it would have no effect on the dispute. That advice as given was not good. The lessor however should not be penalized for accepting inaccurate advice from an expert in law. The rule that a client is bound by the acts of his attorney applies to cases where a mistake of Judgment has been made. In this case, the mistake was one of law.

██ The parties to this action have called upon the equity rules of this Court. Jose, who attempted subterfuge to put Bordallo in possession, cannot now be given a windfall because of the lessors reliance on her attorney's advice. Citing *Northwestern Pac. R. Co. v. Consumers Rock & Cement*, 123 P.2nd 872. *Barkhaus v. Producers Fruit Co.* 192 C. 200, 219 P. 435. *Myers v. Herskounty*, 33 Cal.App. 581, 165 P. 1031. *Alder v. Mayfield*, 164 Cal. 6, 127 P. 45.

The record fully supports the findings of the trial court and for reasons stated above, the judgment of the trial court is sustained and the appeal dismissed.