Manuel L. **JOSE** and Ricardo J. Bordallo
d/b/a **Ricky's Auto Company,**
Plaintiffs-Appellants,

v.

Consolacion G. **IGLESIAS,** represented by
her attorney-in-fact, John J. Iglesias,
Defendant-Appellee.

No. 71-1041.

United States Court of Appeals,
Ninth Circuit.

June 14, 1972.

Fred E. Bordallo (argued), Agana, Guam, for plaintiffs-appellants.

Ramon V. Diaz (argued), Agana, Guam, for defendant-appellee.

Before BROWNING, WRIGHT and CHOY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This is an appeal from a decision of the District Court of Guam affirming a judgment of the Island Court of Guam. The Island Court terminated a lease agreement between appellant Jose and appellee Iglesias and ordered appellants Jose and Bordallo to deliver possession of the leased premises to appellee. The Island Court also directed the appellants to pay rental to the date of surrender of possession and to pay $300.00 for appellee's legal expenses. We affirm.

On June 22, 1963, Consolacion Iglesias, as lessor, and Manuel Jose, as lessee, entered into a lease agreement (master lease) covering several parcels of land in Agana, Guam. The term of the lease was 25 years, with an option in the lessee to renew for an additional 25 years. Jose covenanted, *inter alia*, (1) to repair and remodel an existing structure on the property, (2) to construct a new building on the premises, and (3) not to assign the lease without the written consent of Iglesias.

The Island Court found that Jose had breached all of these covenants and declared the lease forfeited.

The trial judge found that there had been some minor repairs performed, but that repair work had not been done on a continuing basis and had not complied with the terms of the covenant. This finding is not clearly erroneous.

No construction was initiated on the leased premises. Jose does not contest this fact, but he argues that the provision in the lease requiring him to build a building is too vague to be enforced. The lease, though inartfully drawn, leaves no doubt that Jose was obliged to construct a building on the leased land, an obligation with respect to which he is in flagrant breach. His excuses—labor difficulties, political problems, etc.—do not avoid his duty to perform.

On June 19, 1964, Jose, as "sub-lessor," and R. J. Bordallo, as "sub-lessee," entered into a written agreement covering the entire premises leased to Jose by Iglesias. Bordallo went into possession under the agreement, which gave him options to extend his possession for the full term of Jose's leasehold interest (50 years).

Jose had approached Iglesias, seeking consent for the Bordallo tenancy, before the Jose-Bordallo agreement was executed. Iglesias refused her consent. When Bordallo went into possession,

Iglesias protested. Jose represented that the Bordallo occupancy was temporary only—a representation which was quite evidently false and which the District Court characterized as "subterfuge" designed to get Bordallo onto the property against the wishes of Iglesias.

The parties are in dispute as to whether the Jose-Bordallo agreement is an assignment or a sub-lease. The master lease forbids assignments without consent, but is silent as to sub-leases. Jose and Bordallo argue that their agreement should be construed as a sub-lease and hence not in breach of the master lease.

■ The Island Court found that the Jose-Bordallo agreement was a breach of the master lease. It is not clear whether this finding rests on a determination that the master lease was intended to forbid sub-leases, as well as assignments, without consent, or on a determination that the Jose-Bordallo agreement was an assignment. Since either determination would be permissible on the record before us, we hold that the finding below is not clearly erroneous.

Thus we conclude that the record sustains the findings of the trial court that Jose was in substantial breach of all three of the covenants discussed above. We also agreed that there was no waiver of these breaches prior to July 30, 1968.

On that date Iglesias wrote Jose a letter enumerating several breaches of the master lease. Included were those set forth above. Iglesias informed Jose that she would forfeit the lease if the breaches were not cured by August 31, 1968. The record does not indicate any attempt to cure.

Jose now contends that Iglesias waived all of the breaches and abandoned the notice of July 30, 1968, by acceptance of rent after giving of notice.

Rentals for the months of September, October, and November, 1968 were tendered to Iglesias. Not wanting to compromise her lawsuit, she consulted her lawyer as to whether she should cash the checks. He advised her that she might do so and she did, on his poor advice.

No rent was accepted after November, 1968. This unlawful detainer action was filed in January, 1969.

■ The general rule is that acceptance by a landlord of rent which accrues after the breach of a lease implies a waiver of that breach to the date of acceptance of the rent. 51C C.J.S. Landlord and Tenant § 117(4). However, waiver is a matter of intent and depends on the circumstances of the case. In re Wil-Low Cafeterias, Inc., 95 F.2d 306, 309 (2d Cir. 1938), cert. denied Wil-Low Cafeterias v. 650 Madison Avenue Corporations, 304 U.S. 567, 58 S.Ct. 950, 82 L.Ed. 1533 (1938). Acceptance of rent is evidence to be considered by the trier of fact, but it is not necessarily conclusive. Potter v. Henry Field Seed Co., 239 Iowa 920, 32 N.W.2d 385, 389 (1948); Glad-Nan Corporation v. Henry's Drive-In, Inc., 29 Ill.App.2d 363, 173 N.E.2d 521 (1961); Brown v. Brown, 164 Pa.Super. 350, 64 A.2d 506 (1949); Harper v. Quinlan, 159 Pa. Super. 367, 48 A.2d 113 (1946). Resolution of the issue of waiver may depend on the terms of the lease, or on the intent or reasonable beliefs of the parties. Salton Community Services District v. Southard, 256 Cal.App.2d 526, 64 Cal. Rptr. 246 (1967); Myers v. Herskowitz, 33 Cal.App. 581, 165 P. 1031 (1917); Alden v. Mayfield, 164 Cal. 6, 127 P. 45 (1912).

■ On the record before us the finding that there was no waiver is not clearly erroneous. This case arises in a context of poorly drafted documents and a general failure to observe formalities. Iglesias is a widow, and obviously inexperienced in commercial matters. She innocently relied on the poor advice of her attorney, without intending to waive the breaches.

We are also mindful that there was no evidence that Jose or Bordallo detrimentally relied on a reasonable belief of waiver between November, 1968, and January, 1969.

■ Finally we consider that this is an equitable action and that it would be

inequitable under these circumstances to find waiver. Jose engaged in subterfuge in attempting to put Bordallo on the premises and is in flagrant breach of the covenants of the master lease. It would not be appropriate to leave Jose and Bordallo in possession—perhaps with a windfall that would last forty more years —because of the lack of commercial sophistication of the widow Iglesias.

Affirmed.