963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NMB TECHNOLOGIES, INC., a California corporation,
v.
MICROTEK, INC., Defendant,
and
Emery Air Freight Corporation, Defendant-Appellant.
NMB TECHNOLOGIES, INC., a California corporation,
Plaintiff-counter-defendant-Appellant,
v.
MICROTEK, INC.; Emery Air Freight Corporation,
Defendants-counter-claimants-Appellees.
 Nos. 91-55027, 91-55251.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 4, 1991.
Decided May 14, 1992.
 
 Before PREGERSON, CANBY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Emery Air Freight appeals a judgment of $304,354.60 in favor of NMB Technology, Inc., for breach of a contract of carriage. We affirm that judgment. NMB appeals from an order denying attorney's fees. We reverse that ruling.
 
 
 3
 Contrary to Emery's assertions, the parties contracted for collection of the entire amount stated on the air waybills. Because Emery failed to provide NMB with a copy of its Service Guide, the $50,000 limit never became part of the contract. See Scott's Valley Fruit Exch. v. Growers Refrigeration Co., 81 Cal.App.2d 437, 447-49, 184 P.2d 183, 189-90 (1947). Accordingly, NMB is not bound by that term.
 
 
 4
 Even if the contract had incorporated the $50,000 limit, Emery would have no right to invoke it. The district court properly found that Emery waived the term through its acceptance of the air waybills and its demand on Microtek following notification of the deficiency. See Sabo v. Fasano, 154 Cal.App.3d 502, 505-08, 201 Cal.Rptr. 270, 271-73 (1984); Cal.Code Civ.P. § 2076. Emery's failure to object also induced NMB to act to its detriment. See Salton Community Servs. Dist. v. Southard, 256 Cal.App.2d 526, 532-33, 64 Cal.Rptr. 246, 251 (1967). Emery therefore is estopped from asserting the limitation. See id. at 532-33, 64 Cal.Rptr. at 251.[1]
 
 
 5
 Because Emery failed to collect the full air waybill amounts, the district court properly determined that the company breached its contract with NMB and is liable for the uncollected sums, along with interest and costs. The court erred, however, when it denied NMB's motion for attorney's fees.
 
 
 6
 Section 1717 of the California Civil Code authorizes a court to award reasonable attorney's fees to the prevailing party when the underlying contract provides for them. By inserting a fee clause in the Service Guide, Emery put NMB at risk of liability for fees in the event that Emery succeeded. Now that NMB has prevailed, Emery attempts to deny the consequences of its own creation. Mutuality principles require us to reject Emery's argument and award reasonable attorney's fees to NMB. See Care Constr., Inc. v. Century Convalescent Ctrs., Inc., 54 Cal.App.3d 701, 705-07, 126 Cal.Rptr. 761, 763-65 (1976) (fees awardable to party who prevailed on grounds that no contract existed).
 
 
 7
 On remand, the district court should calculate the amount of attorney's fees in accordance with the factors outlined in Clayton Development Co. v. Falvey, 206 Cal.App.3d 438, 447, 253 Cal.Rptr. 609, 614 (1988). NMB also is entitled to its costs and reasonable fees on appeal. See Care Constr., 54 Cal.App.3d at 707, 126 Cal.Rptr. at 765. The determination of NMB's attorney's fees on appeal is transferred to the district court for decision. See Ninth Circuit Rule 39-1.6.
 
 
 8
 NO. 91-55027 AFFIRMED;
 
 
 9
 NO. 91-55251 REVERSED.
 
 
 10
 Costs in favor of NMB to be borne by Emery. NMB's request for attorneys' fees under F.R.App.P. 38 is denied.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Because of our conclusion that waiver and estoppel would bar any assertion of the Service Guide terms, we decline to reach the unconscionability issue